JAMES E. DOROSHOW, SBN 112920
    jdoroshow@foxrothschild.com
ASHE P. PURI, SBN 297814
    apuri@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA  90067
Telephone:   (310) 598-4150
Facsimile:    (310) 556-9828

AARON MILLS SCOTT (admitted pro hac vice)
    ascott@foxrothschild.com
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402
Telephone:   (612) 607-7000
Facsimile:    (612) 607-7100

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1    GROVER PRODUCTS CO., | Case No. 2:18-cv-00127-AB-PLA |
| 2              Plaintiff, | |
| 3      vs. | **NOTICE OF MOTION AND JOINT LOCAL RULE 37-1 STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| 4    MIDWEST TRUCK & AUTO PARTS, INC., FIND IT PARTS, LLC, | |
| 5    NATIONAL DRIVETRAIN, INC., AND PDM, INC. | |
| 6              Defendants. | **[DECLARATIONS OF AARON MILLS SCOTT AND SARAH BROWN AND JEFFREY PINE AND DAVID SEEWACK FILED CONCURRENTLY]** |
| 7 | |
| 8 | |
| 9 | [DISCOVERY MATTER] |
| 10 | |
| 11 | Date: November 7, 2018<br>Time: 10:00 a.m.<br>Fact discovery cut-off: 11/16/2018 |
| 12 | Expert discovery cut-off: 12/21/2018 |
| 13 | Pre Trial Conference: 3/15/19<br>Trial Date: 4/2/2019 |
| 14 | Hon. Andre Birotte, Jr. |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on November 7, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard before Hon. Paul L. Abrams, in Courtroom G of the above-entitled Court, located at Roybal Federal Building and United States Courthouse, 255 E. Temple Street, Los Angeles, CA, 90012, Courtroom 780, 7th Floor, Plaintiff Grover Products Co. (hereinafter "Grover") will and hereby does move the Court for an order compelling Defendants Midwest Truck & Auto Parts, Inc. ("Midwest"), Find it Parts, LLC ("Find it Parts"), National Drivetrain, Inc. ("National Drivetrain"), and PDM, Inc. ("PDM") (collectively herein "Defendants") to produce full and complete responses to Grover's interrogatories and requests for production.

This motion is based on this Notice, the Memorandum of Points and Authorities and Supplemental Memoranda filed herewith, the Declaration of Aaron Mills Scott, the records and pleadings on file herein, and on such other evidence as may be presented.

Respectfully submitted,

Dated: October 16, 2018          FOX ROTHSCHILD LLP

By: */s/ Aaron Mills Scott*
    Aaron Mills Scott
    Campbell Mithun Tower, Suite 2000
    222 South Ninth Street
    Minneapolis, Minnesota 55402
    Telephone: (612) 607-7000
    Facsimile:  (612) 607-7100
    Email:     ascott@foxrothschild.com

# <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... I

I.    INTRODUCTORY STATEMENTS ................................................ 1

    **A.**    Grover's Introductory Statement ........................................ 1

    **B.**    Defendants' Introductory Statement ................................... 2

II.    DEFENDANTS FAIL TO COMPLY WITH THE FEDERAL RULES ....... 5

    **A.**    Defendants have failed to comply with Federal Rule of Civil Procedure 34. ............................................................... 5

        **1.**    Description of Request ............................................. 5

        **2.**    Grover's Contentions ............................................... 6

        **3.**    Defendants' Contentions .......................................... 7

III.    DEFENDANTS HAVE IMPROPERLY APPLIED A ONE-SIDED LIMITATION ON THE SCOPE OF DISCOVERY FOR EACH OF THEIR RESPONSES ......................................................... 8

    **A.**    Defendants have impermissibly limited all of their discovery responses to the "WAL1024 air horn." ............................... 8

        **1.**    Description of Request ............................................. 8

        **2.**    Grover's Contentions ........................................... 120

        **3.**    Defendants' Contentions ....................................... 127

IV.    ADDITIONAL SPECIFIC INTERROGATORIES ................................... 130

    **A.**    Dates and knowledge related to development, manufacture, importation, sale, or marketing of the Identified Products .............. 130

        **1.**    Description of Request ........................................... 130

        **2.**    Grover's Contentions ........................................... 133

        **3.**    Defendants' Contentions ....................................... 135

    **B.**    Content creation and approval ........................................ 136

        **1.**    Description of Request ........................................... 136

        **2.**    Grover's Contentions ........................................... 141

        **3.**    Defendants Contentions ........................................ 142

    **C.**    Business relationships with retailers or distributors ......................... 143

                    **1.**    Description of Request................................................143

                    **2.**    Grover's Contentions ............................................145

                    **3.**    Defendants' Contentions.....................................146

          **D.**    Uses of the term "Grover" or any Identified Model Number in
                    marketing or advertising of any product in any media....................148

                    **1.**    Description of Request................................................148

                    **2.**    Grover's Contentions ............................................157

                    **3.**    Defendants' Contentions.....................................158

**V.**    CONCLUSION ........................................................................159

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    INTRODUCTORY STATEMENTS

## A.    Grover's Introductory Statement

This Motion to Compel concerns Defendants' failure, for many months, to produce information and documents in response to multiple discovery requests. The discovery at issue is critical to Grover's claims in this case, which include Federal Trademark Counterfeiting, Federal Trademark Infringement, Federal Unfair Competition, False Designation of Origin, False and Misleading Descriptions and Representations of Fact, and False Advertising, Common Law Trademark Infringement, Unlawful Business Practices in violation of California's Unfair Competition Law, and Unjust Enrichment. (Compl. ¶¶ 81-141.)

Based on the range of claims at issue, the scope of discovery is broad in this case. *Hillyard Enterprises, Inc. v. Warren Oil Co., Inc.*, No. 5:02-329-H(4), 2003 WL 25904138, *3 (E.D.N.C., Feb. 18, 2003) (noting that in a case with similar claims, the scope of discovery was "quite broad" and "discovery relevant to plaintiff's trademark infringement claim alone embraces a great deal of information.")  The Federal Rules of Civil Procedure "are to be accorded a broad and liberal treatment."  *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 283 (C.D. Cal. 1996) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  Under Federal Rule of Civil Procedure 26(b)(1), each party has the right to discover nonprivileged information "relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1). Relevance is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. *City of Rialto v. U.S. Dept. of Def.*, 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) (citing *Pitney Bowes, Inc. v. Kern Int'l, Inc.,* 239 F.R.D. 62, 65 (D. Conn. 2006)).  Indeed, a "'relevant matter' under Rule 26(b) is any matter that 'bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Matrix, Inc. v. Midthrust Imports, Inc.*, 2014 WL 12589634, at *2 (C.D. Cal. Mar. 7, 2014)

(quoting *Oppenheimer Fund. Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. *Walt Disney Co.,* 168 F.R.D. at 283.  Rule 26(b) is thus liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence. (*Id.*)

Grover served the Complaint in the above captioned proceeding on each of the Defendants on January 9, 2018. (Dkt. Nos. 13-16).  On March 21, 2018, after Defendants finally agreed to participate in the conference required by FED. R. CIV. P. 26(f), Grover served targeted discovery requests upon each of the Defendants. Grover received Defendants' Responses on April 27, 2018.

The Parties held a meet and confer conference on May 11, 2018. Defendants gave indications that they would make further inquiries as to various identified deficiencies and supplement their Responses, but supplementation has not occurred.  On May 25, 2018, Defendants stated they would produce documents and supplement their discovery responses within one week.  Although some documents have now been produced, no supplementation has been received.

Grover has the right to obtain critically important, relevant information in discovery, as fully described herein.  Defendants should be ordered to immediately produce all responsive documents and information.  Sanctions should additionally be ordered for Defendants' failure to produce responsive documents and information.

### B.    Defendants' Introductory Statement

Plaintiff's motion is premature and attempts to circumvent Fed. R. Civ. P. 37 and Local Rule 37.  Plaintiff has failed to complete the pre-filing conference thereby wasting the Court's time with contentions that may not exist.  In particular, the rule states "counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the

disputes as possible." L.R. 37-1. Further, it "shall be the responsibility of counsel for the moving party to arrange for this conference." L.R. 37-1.

Plaintiff provided a Rule 37 letter on May 1, 2018. The letter was sent prior to Defendants' document production on June 5, 2018. The parties began a Rule 37 pre-filing conference to discuss Plaintiff's contentions. Plaintiff's counsel abruptly ended and later refused to complete the pre-filing conference. At a minimum, the parties only addressed certain definitions and interrogatory responses, and failed to address any of Plaintiff's contentions pertaining to Defendants' PDM and National Drivetrain's interrogatories responses, among others. Defendants produced documents and heard nothing else from Plaintiff.

Defendants' subsequent document production resolved many of the contentions of which Plaintiff complained. However, to date, the parties have never addressed any of Plaintiff's contentions with Defendants' document production. In fact, there has been no contact from Plaintiff since Defendants produced documents.

Without completing the required conference, Defendants have no way of knowing which contentions remained to be addressed. Once the pre-filing conference is completed, Defendants will be in a position to supplement their responses to resolve any remaining contentions.

As to the contentions in the present case, it is important to understand the erroneous entry that led to the allegations, and the minimal amount of sales pertaining to that error. Defendants did not specifically know Plaintiff until receiving counsel's letters in late 2017 or the filing of the lawsuit in early 2018.

The four Defendants sell aftermarket truck and automobile parts to provide consumers with an alternative to often-expensive original replacement parts. Defendant Midwest is a supplier that distributes aftermarket parts to its resellers, including the other three Defendants. Contrary to Plaintiff's statements, there is

nothing wrong or illegal about selling aftermarket products that are not in other ways protected under the intellectual property laws.

The allegations in the present case all revolve around a single inadvertent entry in a spreadsheet made years ago that had gone unnoticed. Of Defendants' tens of thousands, and in some cases millions, of aftermarket products, the Complaint alleges trademark infringement and counterfeiting of only one product, the World American WAL1024 air horn. The term GROVER was inadvertently included in a Midwest spreadsheet of over 27,000 files. Resellers used that spreadsheet to assist in the creation of web pages for their products and on occasion for their invoices. This one entry, and the automatic generation of the web pages, explains why nearly all of Plaintiff's examples in the Complaint use the identical language, and why all of the examples apply only to the WAL1024.

The Complaint does not allege that Defendants sold products that contained the Grover name or trademark on the accused air horn, on any packaging, or on any insert included in the packaging. The Complaint does not allege that any Defendant sold or advertised the WA2022 or WA1600 air horns or any derivative products in connection with the Grover name or trademark. There are no allegations of trademark infringement or counterfeiting of any other air horns, including the WA2022 or WA1600 air horns, nor of any derivative products. In fact, Plaintiff has admitted that Plaintiff does not claim infringement of the part numbers 1600, 1024 and 2022. (Dkt. Nos. 22-25, ¶¶ 23, 33). Regardless, Plaintiff demands sales and costs information and documents for the WA2022 and the WA1600 air horns, along with derivative products.

The discovery requested is not proportional to the needs of the case. First, the information is not important to the present lawsuit, as documents pertaining to Grover, the GROVER trademark and sales of the accused product, *inter alia*, have been produced and nothing in those categories has been withheld. Had the parties completed the meet and confer, Plaintiff would have known this. Second, the

amount in controversy does not justify the expense required to comply with the request. As explained in detail herein, the amount in controversy, if any, is on the scale of thousands of dollars, based on the relatively few sales. Third, Plaintiff is not burdened or disadvantaged by not having the information pertaining to the non-accused products. Plaintiff's has created self-serving definitions of "Infringing Products", "Identified Products", "Identified Derivative Products" and "Identified Model Numbers", and now demands documents pertaining to their definitions.

If Plaintiff were to be believed, it could have easily included some or all of the products in the Complaint, but did not. Plaintiff's untenable position is that because they include a product in one of their definitions to their interrogatories and requests for production of documents, Defendants have to provide discovery for that product, even if there are no allegations of wrongdoing regarding that product in the Complaint. Clearly, Plaintiff has understood Defendants' position as to the WA1600, the WA2022 and the convoyed products for many months. Plaintiff had at least four months to amend the Complaint to include any such allegations. Plaintiff chose not to amend. There is no reason or need for Defendants to provide sales and costs of the WA1600, the WA2022 and the unknown convoyed products.

## II.  DEFENDANTS FAIL TO COMPLY WITH THE FEDERAL RULES

### A.  Defendants have failed to comply with Federal Rule of Civil Procedure 34.

#### 1.  *Description of Request*

This issue pertains to the requirement for any objection to discovery requests to state whether any responsive materials are being withheld on the basis of that objection. Defendants have made General and Specific objections to every discovery request, but have failed to indicate whether any information or document are being withheld as to any or all of these objections. Defendants have indicated

they would notify Grover as to whether any information is being withheld, but have yet to do so. Defendants must specify, with respect to each objection, whether documents or information are being withheld.

### 2. *Grover's Contentions*

Pursuant to Federal Rule of Evidence 34, any objection must "state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). Defendants include thirteen general objections in their Responses to Grover's First Set of Interrogatories and First Set of Requests for Production of Documents. (*See*, *e.g.*, Declaration of Aaron Mills Scott ("Scott Decl.") Exs. A–H at 2–5.) In addition, each Interrogatory Response and Response to a Request for Production of Documents includes several specific objections. (Scott Decl. Exs. A–H.) To the extent Defendants agree to produce documents or answer an Interrogatory, they state: "Subject to and without waiving the foregoing General and Specific Objections…" (Scott Decl. Exs. A–H.) However, none of Defendants' Responses indicates whether any information or document is being withheld as to any objection.

During the Parties' May 11 meet and confer, counsel for Defendants indicated that he was not aware of any information being withheld on the basis of any objection but would investigate and notify Grover as to the findings. (Scott Decl. ¶ 11.) Defendants have not supplemented their Responses, nor notified Grover what, if any, information is being withheld as to any objection. (Scott Decl. ¶ 11.)

The Federal Rules of Civil Procedure explicitly forbid opaque objections that leave requesting parties with no information as to whether responsive documents and information have been withheld from production. Defendants have failed, despite Grover's request and their previous agreement, to make their objections clear and compliant with the rules. Grover has the right to know the

specific basis for the withholding of any information or document so that it may challenge that basis, if necessary. Defendants should be ordered to specify, with respect to each objection, whether documents or information are being withheld.

### 3. *Defendants' Contentions*

Again and importantly, Plaintiff's motion is premature since Plaintiff's counsel ended the required pre-filing conference abruptly and early, and then refused to complete the conference. (Pine Decl. ¶¶ 6 - 13). Since the required conference was never completed, many contentions as to Defendants' interrogatory responses were not addressed (Pine Decl. ¶¶ 8 - 11), and there was absolutely no pre-filing conference about Defendants' document production, since the production occurred subsequently. (Pine Decl. ¶ 12). Most of Plaintiff's contentions are easily resolvable and a complete waste of the Court's time if it has to address them. Defendants intend to supplement their discovery as soon as the parties complete the pre-filing conference.

On April 27, 2018, Defendants responded to Plaintiff's discovery requests and propounded specific objections to the requests. (Pine Decl. ¶ 3)(*See also*, Scott Decl., Exs. A-H). On May 1, 2018, Plaintiff provided a letter addressing Defendants' discovery responses (Pine Decl. ¶¶ 4 – 5; May 1, 2018 letter). The parties began a pre-filing conference telephonically on May 11 (Pine Decl. ¶ 6), however, Mr. Scott said he was running out of time, and the call ended prematurely when both of Plaintiff's counsel, Mr. Scott and Mr. Toft had to end the call. (Pine Decl. ¶ 7). The parties did not complete the discussion of Plaintiff's contentions as they relate to Find It Parts' interrogatory responses. (Pine Decl. ¶ 8)(*see also,* Pine Decl. ¶ 5; p. 9). Further, the parties did not discuss any of Plaintiff's contentions about National Drivetrain's interrogatory responses (Pine Decl. ¶ 9)(*see also,* Pine Decl. ¶ 5; pp. 9 - 10), or any of Plaintiff's contentions about PDM's interrogatory responses. (Pine Decl. ¶ 10)(*see also,* Pine Decl. ¶ 5; p. 10 - 11). There was also no discussion pertaining to the production of documents and the Protective Order.

(Pine Decl. ¶ 11)(*see also,* Pine Decl. ¶ 5; p. 11). Defendants attempted to reconvene and complete the conference, (Pine Decl. ¶ 13)( *see also,* Pine Decl. ¶ 14; May 25 email), but Plaintiff's counsel refused. (Pine Decl. ¶ 13).

Regardless, Defendants have responded to Plaintiff's discovery requests, answered interrogatories, and produced, *inter alia*, documents pertaining to the WAL1024 air horn. As discussed on the call and would have been discussed if the conference had been completed, Defendants have not withheld any documents pertaining to Grover, the GROVER trademark or the WAL1024 air horns.

Defendants have properly and specifically objected to both interrogatories and document requests insofar as they pertained to Plaintiff's self-serving definitions of products that are not important to the present case. Additionally, the amount in controversy does not justify the expense required to comply with Plaintiff's overly broad discovery requests. Specifically, Defendants have objected to the production of sales and costs pertaining to the WA1600 and WA2022 air horns and any convoyed or derivative products, whatever that may include.

Defendants continue to believe that the remaining contentions could be easily resolved if the parties completed the required pre-filing conference. At a minimum, completing the conference will clearly defined any remaining disputes. Defendants can then supplement discovery as needed and as intended.

## III. DEFENDANTS HAVE IMPROPERLY APPLIED A ONE-SIDED LIMITATION ON THE SCOPE OF DISCOVERY FOR EACH OF THEIR RESPONSES

### A. Defendants have impermissibly limited all of their discovery responses to the "WAL1024 air horn."

#### 1. *Description of Request*

This issue pertains to every Interrogatory and Request for Production of Documents. Defendants have limited each Response to one specific product

1  identified in the complaint, the "WAL1024 air horn" and have refused to provide

2  information or documents regarding any other product. Defendants must respond

3  to the requested discovery, which has been narrowly tailored to seek relevant and

4  responsive information.

5  <center>Grover's Definitions and Defendants' Objections</center>

6  **DEFINITION:** "Identified Products" means the air horns currently

7  marketed by Midwest as the WAL1024, WAL-1024, WA1600, WA-1600,

8  WA2022, and/or WA-2022, as well as all prior names, versions, or models of the

9  foregoing products (whether known by the current or any alternative or former

10  name); any other product marketed, advertised, or sold by Midwest using the term

11  "Grover" (or any variations thereof); and any other product marketed, advertised,

12  or sold by Midwest with the same fit and function as a Grover product.

13  **OBJECTION:** Defendant objects to the definition of "Identified Products"

14  on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing,

15  exceeding the scope of permissible discovery, and for failing to identify with

16  reasonable particularity the product for which Plaintiff seeks information about,

17  including with regard to its references to "prior names, versions, or models of the

18  foregoing products (whether known by the current or any alternative or former

19  name); any other product marketed, advertised, or sold by Midwest using the term

20  'Grover' (or any variations thereof); and any other product marketed, advertised, or

21  sold by Midwest with the same fit and function as a Grover product." Defendant

22  objects to each Interrogatory, and more particularly to the term "Identified

23  Products," to the extent the definition is an attempt to enlarge the Interrogatory to

24  seek information concerning products that Plaintiff has not specifically accused as

25  part of the present action. These responses are limited to the products that Plaintiff

26  specifically identified and accused in the Complaint, and in subsequent

27  communications, the WAL1024 air horn.

28

**DEFINITION:** "Identified Derivative Products" includes all convoyed and derivative products for use in connection with the air horns currently marketed by Midwest as the WAL1024, WAL-1024, WA1600, WA-1600, WA2022, and/or WA-2022, including repair kits, installation kits, sound units, compressors, air tanks, valves, tubing, pedestals, and weather shields.

**OBJECTION:** Defendant objects to the definition of "Identified Derivative Products" on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, exceeding the scope of permissible discovery, and for failing to identify with reasonable particularity the product for which Plaintiff seeks information about, including with regard to its references to "convoyed and derivative products for use in connection with the air horns currently marketed by Midwest as the WAL1024, WAL-1024, WA1600, WA-1600, WA2022, and/or WA-2022, including repair kits, installation kits, sound kits, compressors, air intakes valves, tubing, pedestals, and weather shields." Defendant objects to each Interrogatory, and more particularly to the term "Identified Derivative Products," to the extent the definition is an attempt to enlarge the Interrogatory to seek information concerning products that Plaintiff has not been specifically accused as part of the present action.

**DEFINITION:** "Identified Model Numbers" refers to the model numbers WAL1024, WAL-1024, WA1600, WA-1600, WA2022, and WA-2022.

**OBJECTION**: Defendant objects to the definition of "Identified Model Numbers" on the basis that it is overbroad, unduly burdensome, and exceeding the scope of permissible discovery. Defendant objects to each Interrogatory, and more particularly to the term "Identified Model Numbers," to the extent the definition is an attempt to enlarge the Interrogatory to seek information concerning products that Plaintiff has not specifically accused as part of the present action. These responses are limited to the model number that Plaintiff specifically identified and

accused in the Complaint, and in subsequent communications, the WAL1024 air
horn.

**DOCUMENT REQUEST NO.1 TO FIND IT PARTS:**

All Documents and Communications comprising or relating to the marketing
or advertising of any of the Identified Products to purchasers or potential
purchasers, including all advertising through any Media and all drafts and changes
of and to all such content, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically
objects to this Document Request insofar as it seeks information that is protected
from disclosure as being attorney-client privilege or under the work product
doctrine. Defendant also objects to this Request insofar as it seeks documents not
relevant to any claim or defense or not reasonably calculated to lead to the
discovery of admissible evidence. Further, Defendant specifically objects to this
Request to the extent that it seeks documents that are within the possession,
custody and control of third parties, and/or not in the possession, custody, or
control of Defendant. Defendant further objects to this Request insofar as it seeks
materials equally as available to Plaintiff as to Defendant. Defendant further
objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
burdensome, confusing, and exceeding the scope of permissible discovery insofar
as it defines and uses the terms "All," "Media," "Identified Products," and
"Effective Date." This response is limited to the products that were specifically
identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific
objections, Defendant will produce non-public, non-privileged, relevant and
representative documents in response to this Request, to the extent such documents
exist and can be located after a reasonable investigation, at a mutually agreed time
and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 2 TO FIND IT PARTS:**

All Documents and Communications relating to Find It Parts' consideration and planning of the idea or concept of developing, manufacturing, importing, selling, or marketing any of the Identified Products.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 3 TO FIND IT PARTS:**

All Documents and Communications relating to each instance when by any Media, including within any Find It Parts catalog, in any Find It Parts print or

electronic advertising, on Defendant Find It Pats LLC's Response To Plaintiff's First Set of Requests for Production of Documents to Defendant Find It Parts, LLC any social media platform, on any website owned, controlled, operated, or utilized by Find It Parts (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), or in any other Find It Parts marketing or advertising materials, the term "Grover" (or any variations in capitalization thereof) has been used, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Media," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

1  exist and can be located after a reasonable investigation, at a mutually agreed time
2  and location, and after entry of a suitable protective order in this action.

3  **DOCUMENT REQUEST NO 4 TO FIND IT PARTS:**

4  All Documents and Communications relating to each instance, when by any
5  Media, including within any Find It Parts catalog, in any Find It Parts print or
6  electronic advertising, on any social media platform, on any website owned,
7  controlled, operated, or utilized by Find It Parts (including any homepage and any
8  content or submenu pages and including any third-party marketplace websites such
9  as eBay.com and Amazon.com), or in any other Find It Parts marketing or
10 advertising materials, any one or more of the Identified Model Numbers has been
11 used, from the Effective Date to the present.

12 **RESPONSE FROM FIND IT PARTS:**

13        In addition to the foregoing General Objections, Defendant specifically
14 objects to this Document Request insofar as it seeks information that is protected
15 from disclosure as being attorney-client privilege or under the work product
16 doctrine. Defendant also objects to this Request insofar as it seeks documents not
17 relevant to any claim or defense or not reasonably calculated to lead to the
18 discovery of admissible evidence. Further, Defendant specifically objects to this
19 Request to the extent that it seeks documents that are within the possession,
20 custody and control of third parties, and/or not in the possession, custody, or
21 control of Defendant. Defendant further objects to this Request insofar as it seeks
22 materials equally as available to Plaintiff as to Defendant. Defendant further
23 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
24 burdensome, confusing, and exceeding the scope of permissible discovery insofar
25 as it defines and uses the terms "All," "Media," "Identified Model Numbers," and
26 "Effective Date." This response is limited to the products that were specifically
27 identified in the Complaint by Plaintiff

28

1    Subject to and without waiving the foregoing General and Specific

2 objections, Defendant will produce non-public, non-privileged, relevant and

3 representative documents in response to this Request, to the extent such documents

4 exist and can be located after a reasonable investigation, at a mutually agreed time

5 and location, and after entry of a suitable protective order in this action.

6 **DOCUMENT REQUEST NO. 5 TO FIND IT PARTS:**

7    Documents and Communications sufficient to identify every method by

8 which any digital catalog created by Find It Parts after the Effective Date and

9 containing any use of the term "Grover" and/or any of the Identified Model

10 Numbers was advertised or distributed to any individual or entity and the extent of

11 such advertising or distribution

12 **RESPONSE FROM FIND IT PARTS:**

13    In addition to the foregoing General Objections, Defendant specifically

14 objects to this Document Request insofar as it seeks information that is protected

15 from disclosure as being attorney-client privilege or under the work product

16 doctrine. Defendant also objects to this Request insofar as it seeks documents not

17 relevant to any claim or defense or not reasonably calculated to lead to the

18 discovery of admissible evidence. Further, Defendant specifically objects to this

19 Request to the extent that it seeks documents that are within the possession,

20 custody and control of third parties, and/or not in the possession, custody, or

21 control of Defendant. Defendant further objects to this Request insofar as it seeks

22 materials equally as available to Plaintiff as to Defendant. Defendant further

23 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

24 burdensome, confusing, and exceeding the scope of permissible discovery insofar

25 as it defines and uses the terms "every," "Grover," "Identified Model Numbers,"

26 and "Effective Date." This response is limited to the products that were specifically

27 identified in the Complaint by Plaintiff.

28

1      Subject to and without waiving the foregoing General and Specific

2  objections, Defendant will produce non-public, non-privileged, relevant and

3  representative documents in response to this

4      Request, to the extent such documents exist and can be located after a

5  reasonable investigation, at a mutually agreed time and location, and after entry of

6  a suitable protective order in this action.

7  **DOCUMENT REQUEST NO. 6 TO FIND IT PARTS:**

8      All Documents and Communications created after the Effective Date related

9  to any content in any printed catalog that includes any usage of the term "Grover"

10 (or any variations thereof) or any of the Identified Model Numbers. Documents

11 and Communications produced in response to this request must include, without

12 limitation, documents sufficient to identify: (1) examples of all such catalogs, for

13 at least each year since the Effective Date; (2) identification of the individuals or

14 entities that printed all such catalogs; (3) documentation of the number and type of

15 all such catalogs printed; (4) documentation of the distribution of all such catalogs

16 after printing, including the number of catalogs distributed to each Find It Parts

17 store, wholesale sales outlet, distributor, retailer, or any third party identified by

18 company name; (5) documentation reflecting the present location of all such

19 catalogs and, to the extent Find It Parts no longer possesses such catalogs,

20 identification of the last individual or entity known by Find It Parts to possess each

21 such catalog, including all known contact information for each such individual or

22 entity.

23 **RESPONSE FROM FIND IT PARTS:**

24      In addition to the foregoing General Objections, Defendant specifically

25 objects to this Document Request insofar as it seeks information that is protected

26 from disclosure as being attorney-client privilege or under the work product

27 doctrine. Defendant also objects to this Request insofar as it seeks documents not

28 relevant to any claim or defense or not reasonably calculated to lead to the

discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of pennissible discovery insofar as it defines and uses the terms "All," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

## DOCUMENT REQUEST NO. 7 TO FIND IT PARTS:

One example of each Find It Parts catalog, whether printed or digital, by month and year created after the Effective Date.

## RESPONSE FROM FIND IT PARTS:

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks

materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "each Find It Parts catalog," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant 'fo will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

## DOCUMENT REQUEST NO 8 TO FIND IT PARTS:

All Documents and Communications reflecting any effort by Find It Parts to preserve any relevant or potentially relevant information or evidence after commencement of this litigation.

## RESPONSE FROM FIND IT PARTS:

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar

as it defines and uses the terms "All," and "after commencement of this litigation." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 9 TO FIND IT PARTS:**

All Documents and Communications (whether maintained at the corporate level, retail store level, or otherwise and whether for internal or external use) comprising or relating to information, instructions, scripts, talking points, internal computer webpages or databases, training materials, internal education materials or applications, or any other content referring to or mentioning Grover, Grover's trademark, any of Grover's products, or Grover's model numbers, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 10 TO FIND IT PARTS:**

All Documents and Communications relating to any description for any of the Identified Products that was either created by Find It Parts or provided by Find It Parts to any sellers of any Identified Products. Documents and Communications produced in response to this request must include, but are not limited to, all Documents and Communications relating to the description "AIR HORN GROVER 24" 0.A." used in connection with the WAL1024 air horn.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOSUMENT REQUEST NO 11 TO FIND IT PARTS:**

All agreements, contracts, applications, and Communications regarding any such agreements, contracts, or applications between Find It Parts and any of the retailers of distributors to whom Find It Parts has sold Identified Products.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is

limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 12 TO FIND IT PARTS:**

All Documents and Communications relating to any changes to the advertising practices, product descriptions, employee training practices, retail operations, distributor or retailer operations, or business practices of Find It Parts with respect to the Identified Products, Grover or any trademark of Grover, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," "Identified Products," and

"Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 13 TO FIND IT PARTS:**

All Documents and Communications that reflect, refer to, relate to, or evidence any instances of actual or possible confusion or mistake of any person or entity as to a possible relationship between the products of Grover and the products of any Defendant, including but not limited to Documents and Communications evidencing or relating to inquiries by Find It Parts' customers or potential customers, distributors or retailers, or members of the public regarding an association, connection, or affiliation between Grover and any Defendant, or the products thereof, from the Effective Date to the present. Documents and Communications produced in response to this request include, but are not limited to, all purchase orders and other communications received by Find It Parts in which an individual or entity has sought to purchase or asked a question or made a comment about a product by referencing Grover, any trademark of Grover, or any model number of Grover.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this

Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," "Documents." "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 14 TO FIND IT PARTS:**

All Documents and Communications regarding any concerns of similarity or confusion and any complaint that any Find It Parts product is or was, in sum or substance, a "knock off" or counterfeit of a product of any other company, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant.  Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant.  Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "knock-off," "counterfeit," and "Effective Date."  This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENTS REQUEST NO 15 TO FIND IT PARTS:**

All Documents and Communications to or from Find It Parts' vendors or suppliers of the Identified Products relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers, including without limitation all invoices, purchase orders, and confirmations.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine.  Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or

control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant.

Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 16 TO FIND IT PARTS:**

All Documents and Communications relating to the sale, including invoices, purchase orders, and confirmations of any of the Identified Products, and including any Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," "Identified Derivative Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO 17 TO FIND IT PARTS:**

All import and export records relating to Identified Products

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

1    Subject to and without waiving the foregoing General and Specific

2    objections, Defendant will produce non-public, non-privileged, relevant and

3    representative documents in response to this Request, to the extent such documents

4    exist and can be located after a reasonable investigation, at a mutually agreed time

5    and location, and after entry of a suitable protective order in this action.

6    **DOCUMENT REQUEST NO. 18 TO FIND IT PARTS:**

7    All Documents relating to or evidence of Your costs associated with the

8    manufacture and/or acquisition and the sales of the Identified Products and

9    corresponding Identified Derivative Products, from the Effective Date to the

10   present.

11   **RESPONSE FROM FIND IT PARTS:**

12   In addition to the foregoing General Objections, Defendant specifically

13   objects to this Document Request insofar as it seeks information that is protected

14   from disclosure as being attorney-client privilege or under the work product

15   doctrine. Defendant also objects to this Request insofar as it seeks documents not

16   relevant to any claim or defense or not reasonably calculated to lead to the

17   discovery of admissible evidence. Further, Defendant specifically objects to this

18   Request to the extent that it seeks documents that are within the possession,

19   custody and control of third parties, and/or not in the possession, custody, or

20   control of Defendant. Defendant further objects to this Request insofar as it seeks

21   materials equally as available to Plaintiff as to Defendant. Defendant further

22   objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

23   burdensome, confusing, and exceeding the scope of permissible discovery insofar

24   as it defines and uses the terms "All," "Identified Products," "Identified Derivative

25   Products," and "Effective Date." This response is limited to the products that were

26   specifically identified in the Complaint by Plaintiff

27   Subject to and without waiving the foregoing General and Specific

28   objections, Defendant will produce non-public, non-privileged, relevant and

1  representative documents in response to this Request, to the extent such documents

2  exist and can be located after a reasonable investigation, at a mutually agreed time

3  and location, and after entry of a suitable protective order in this action.

4  **DOCUMENT REQUEST NO. 19 TO FIND IT PARTS:**

5      All Documents relating to or evidencing Your revenues generated through

6  the sale of any of the Identified Products, and including any Identified Derivative

7  Products, and/or though (Sic) the use of the term "Grover" (or any variations

8  thereof) from the Effective Date to the present.

9  **RESPONSE FROM FIND IT PARTS:**

10      In addition to the foregoing General Objections, Defendant specifically

11  objects to this Document Request insofar as it seeks information that is protected

12  from disclosure as being attorney-client privilege or under the work product

13  doctrine. Defendant also objects to this Request insofar as it seeks documents not

14  relevant to any claim or defense or not reasonably calculated to lead to the

15  discovery of admissible evidence. Further, Defendant specifically objects to this

16  Request to the extent that it seeks documents that are within the possession,

17  custody and control of third parties, and/or not in the possession, custody, or

18  control of Defendant. Defendant further objects to this Request insofar as it seeks

19  materials equally as available to Plaintiff as to Defendant. Defendant further

20  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

21  burdensome, confusing, and exceeding the scope of permissible discovery insofar

22  as it defines and uses the terms "All," "Identified Products," "Identified Derivative

23  Products," "Grover," and "Effective Date." This response is limited to the products

24  that were specifically identified in the Complaint by Plaintiff.

25      Subject to and without waiving the foregoing General and Specific

26  objections, Defendant will produce non-public, non-privileged, relevant and

27  representative documents in response to this Request, to the extent such documents

28

exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 20 TO FIND IT PARTS:**

Documents sufficient to Identify every individual or entity that has purchased any one of the Identified Products from Find It Parts at any time since the Effective Date, including each such individual or entity's address, city and state, the products purchased and the date of the purchase(s).

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every individual or entity," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff. Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 21 TO FIND IT PARTS:**

Documents sufficient to Identify each country in which Identified Products have been sold or distributed.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "Identify and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 22 TO FIND IT PARTS:**

All Documents and Communications relating to customer returns of any of the Identified Products, including, without limitation, Documents evidencing each instance of a returned product, the date of the purchase, the date of return, the

reason(s) for the return, the name and last known address of the customer returning the product, any Communications with the customer returning the product, the amount of money the customer paid for the product, and the amount of money returned to the customer, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 23 TO FIND IT PARTS:**

All Documents and Communications relating to customer complaints regarding the performance of any of the Identified Products, including, without

limitation, Documents evidencing each instance of a complaint, the date of the purchase, the date of complaint, the reason(s) for the complaint, the name and last known address of the customer making the complaint, and any Communications with the customer regarding the complaint, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of pennissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date."

This response is limited to the products that were specifically identified in the Complaint by Plaintiff. Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 24 TO FIND IT PARTS:**

1  All Communications from customers or potential customers that include a

2  message, inquiry, or request regarding purchasing a Grover product.

3  **RESPONSE FROM FIND IT PARTS:**

4  In addition to the foregoing General Objections, Defendant specifically

5  objects to this Document Request insofar as it seeks information that is protected

6  from disclosure as being attorney-client privilege or under the work product

7  doctrine. Defendant also objects to this Request insofar as it seeks documents not

8  relevant to any claim or defense or not reasonably calculated to lead to the

9  discovery of admissible evidence. Further, Defendant specifically objects to this

10 Request to the extent that it seeks documents that are within the possession,

11 custody and control of third parties, and/or not in the possession, custody, or

12 control of Defendant. Defendant further objects to this Request insofar as it seeks

13 materials equally as available to Plaintiff as to Defendant. Defendant further

14 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

15 burdensome, confusing, and exceeding the scope of permissible discovery insofar

16 as it defines and uses the terms "All," "Communications," and "Grover." This

17 response is limited to the products that were specifically identified in the

18 Complaint by Plaintiff.

19 Subject to and without waiving the foregoing General and Specific

20 objections, Defendant will produce non-public, non-privileged, relevant and

21 representative documents in response to this Request, to the extent such documents

22 exist and can be located after a reasonable investigation, at a mutually agreed time

23 and location, and after entry of a suitable protective order in this action.

24 **DOCUMENT REQUEST NO. 25 TO FIND IT PARTS:**

25 All Documents and Communications provided to any consumer, distributor,

26 or retailer or exchanged with any consumer, distributor, or retailer referencing or

27 relating to the Identified Products, from the Effective Date to the present.

28 **RESPONSE FROM FIND IT PARTS:**

---

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 26 TO FIND IT PARTS:**

All Documents and Communications relating to the statements and purchases described in Paragraph 69-70 of Grover's Complaint, including but not limited to Documents and Communications sufficient to identify the names of the referenced individuals and all individuals with knowledge regarding the referenced statements and purchases.

**RESPONSE FROM FIND IT PARTS:**

1    In addition to the foregoing General Objections, Defendant specifically
2  objects to this Document Request insofar as it seeks information that is protected
3  from disclosure as being attorney-client privilege or under the work product
4  doctrine. Defendant also objects to this Request insofar as it seeks documents not
5  relevant to any claim or defense or not reasonably calculated to lead to the
6  discovery of admissible evidence. Further, Defendant specifically objects to this
7  Request to the extent that it seeks documents that are within the possession,
8  custody and control of third parties, and/or not in the possession, custody, or
9  control of Defendant. Defendant further objects to this Request insofar as it seeks
10 materials equally as available to Plaintiff as to Defendant. Defendant further
11 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
12 burdensome, confusing, and exceeding the scope of permissible discovery insofar
13 as it defines and uses the terms "All," and "Communications." This response is
14 limited to the products that were specifically identified in the Complaint by
15 Plaintiff.

16    Subject to and without waiving the foregoing General and Specific
17 objections, Defendant will produce non-public, non-privileged, relevant and
18 representative documents in response to this Request, to the extent such documents
19 exist and can be located after a reasonable investigation, at a mutually agreed time
20 and location, and after entry of a suitable protective order in this action.

21 **DOCUMENT REQUEST NO. 27 TO FIND IT PARTS:**

22    All Documents and Communications reflecting, evidencing, or relating to
23 any work by any printer, photographer, advertising agency, public relations firm,
24 IT group, or any other service provider referencing or relating to the use of the
25 term "Grover" (or any variations thereof) or the Identified Model Numbers, from
26 the Effective Date to the present.

27 **RESPONSE FROM FIND IT PARTS:**

28

1    In addition to the foregoing General Objections, Defendant specifically
2  objects to this Document Request insofar as it seeks information that is protected
3  from disclosure as being attorney-client privilege or under the work product
4  doctrine. Defendant also objects to this Request insofar as it seeks documents not
5  relevant to any claim or defense or not reasonably calculated to lead to the
6  discovery of admissible evidence. Further, Defendant specifically objects to this
7  Request to the extent that it seeks documents that are within the possession,
8  custody and control of third parties, and/or not in the possession, custody, or
9  control of Defendant. Defendant further objects to this Request insofar as it seeks
10 materials equally as available to Plaintiff as to Defendant. Defendant further
11 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
12 burdensome, confusing, and exceeding the scope of permissible discovery insofar
13 as it defines and uses the terms "All," "Communications," "Identified Model
14 Numbers," and "Effective Date." This response is limited to the products that were
15 specifically identified in the Complaint by Plaintiff.

16    Subject to and without waiving the foregoing General and Specific
17 objections, Defendant will produce non-public, non-privileged, relevant and
18 representative documents in response to this Request, to the extent such documents
19 exist and can be located after a reasonable investigation, at a mutually agreed time
20 and location, and after entry of a suitable protective order in this action.

21 **DOCUMENT REQUEST NO. 28 TO FIND IT PARTS:**

22    All Documents and Communications relating to every sale, including
23 invoices, purchase orders, and confirmations, of any Identified Product to any
24 governmental unit or entity at any time after the Effective Date or to any original
25 equipment manufacturer or reseller who thereafter resold the Identified Product,
26 either standing alone or as part of manufactured or repaired product, to any
27 government entity at any time after the effective date (Sic).

28 **RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "every," "Communications," "Identified Product," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 29 TO FIND IT PARTS:**

All Documents and Communications possessed by Find It Parts at any time after the Effective Date relating to contracts, specifications, requirements, or standards established by any individual or entity, including but not limited to any governmental unit or entity, that calls for the installation, purchase, or use of any product manufactured or sold by Grover.

**RESPONSE FROM FIND IT PARTS:**

1    In addition to the foregoing General Objections, Defendant specifically
2  objects to this Document Request insofar as it seeks information that is protected
3  from disclosure as being attorney-client privilege or under the work product
4  doctrine. Defendant also objects to this Request insofar as it seeks documents not
5  relevant to any claim or defense or not reasonably calculated to lead to the
6  discovery of admissible evidence. Further, Defendant specifically objects to this
7  Request to the extent that it seeks documents that are within the possession,
8  custody and control of third parties, and/or not in the possession, custody, or
9  control of Defendant. Defendant further objects to this Request insofar as it seeks
10 materials equally as available to Plaintiff as to Defendant. Defendant further
11 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
12 burdensome, confusing, and exceeding the scope of permissible discovery insofar
13 as it defines and uses the terms "All," "Communications," "Grover," and
14 "Effective Date." This response is limited to the products that were specifically
15 identified in the Complaint by Plaintiff

16    Subject to and without waiving the foregoing General and Specific
17 objections, Defendant will produce non-public, non-privileged, relevant and
18 representative documents in response to this Request, to the extent such documents
19 exist and can be located after a reasonable investigation, at a mutually agreed time
20 and location, and after entry of a suitable protective order in this action.

21 **DOCUMENT REQUEST NO. 30 TO FIND IT PARTS:**

22    All Documents and Communications sent to or relating to any
23 communication to any salesperson, employee, store, sales outlet, distributor, or
24 retailer regarding the Identified Products, Grover, any trademark of Grover, or the
25 Identified Model Numbers, from the Effective Date to the present.

26 **RESPONSE FROM FIND IT PARTS:**

27    In addition to the foregoing General Objections, Defendant specifically
28 objects to this Document Request insofar as it seeks information that is protected

1 from disclosure as being attorney-client privilege or under the work product
2 doctrine. Defendant also objects to this Request insofar as it seeks documents not
3 relevant to any claim or defense or not reasonably calculated to lead to the
4 discovery of admissible evidence. Further, Defendant specifically objects to this
5 Request to the extent that it seeks documents that are within the possession,
6 custody and control of third parties, and/or not in the possession, custody, or
7 control of Defendant. Defendant further objects to this Request insofar as it seeks
8 materials equally as available to Plaintiff as to Defendant. Defendant further
9 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
10 burdensome, confusing, and exceeding the scope of pennissible discovery insofar
11 as it defines and uses the terms "All," "Communications," "Identified Products,"
12 "Grover," "Identified Model Numbers," and "Effective Date." This response is
13 limited to the products that were specifically identified in the Complaint by
14 Plaintiff. Subject to and without waiving the foregoing General and Specific
15 objections, Defendant will produce non-public, non-privileged, relevant and
16 representative documents in response to this Request, to the extent such documents
17 exist and can be located after a reasonable investigation, at a mutually agreed time
18 and location, and after entry of a suitable protective order in this action.

19 **DOCUMENT REQUEST NO. 31 TO FIND IT PARTS:**

20 All Documents and Communications relating to the part numbers used to
21 identify any of the Identified Products, including but not limited to all Documents
22 and Communications relating to the selection of those part numbers and/or any
23 discussion or implementation of any change to different part numbers for those
24 parts.

25 **RESPONSE FROM FIND IT PARTS:**

26 In addition to the foregoing General Objections, Defendant specifically
27 objects to this Document Request insofar as it seeks information that is protected
28 from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 32 TO FIND IT PARTS:**

All Documents and Communications relating to any trade shows, demonstrations, product offering events, or other events at which Find It Parts displayed, distributed, or transmitted any information in any form regarding any of the Identified Products, from the Effective Date to the present. Documents produced in response to this request must include, but are not limited to, documents sufficient to identify all information or materials regarding the Identified Products distributed or transmitted, documents sufficient to identify all Find It Parts personnel and third parties present for or receiving the distributed information or materials, all photographs and recordings relating to each such trade show or event, and documents sufficient to identify each such trade show or event.

1 **RESPONSE FROM FIND IT PARTS:**

2      In addition to the foregoing General Objections, Defendant specifically

3 objects to this Document Request insofar as it seeks information that is protected

4 from disclosure as being attorney-client privilege or under the work product

5 doctrine. Defendant also objects to this Request insofar as it seeks documents not

6 relevant to any claim or defense or not reasonably calculated to lead to the

7 discovery of admissible evidence. Further, Defendant specifically objects to this

8 Request to the extent that it seeks documents that are within the possession,

9 custody and control of third parties, and/or not in the possession, custody, or

10 control of Defendant. Defendant further objects to this Request insofar as it seeks

11 materials equally as available to Plaintiff as to Defendant. Defendant further

12 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

13 burdensome, confusing, and exceeding the scope of permissible discovery insofar

14 as it defines and uses the terms "All," "Communications," "Identified Products,"

15 and "Effective Date." This response is limited to the products that were specifically

16 identified in the Complaint by Plaintiff.

17      Subject to and without waiving the foregoing General and Specific

18 objections, Defendant will produce non-public, non-privileged, relevant and

19 representative documents in response to this Request, to the extent such documents

20 exist and can be located after a reasonable investigation, at a mutually agreed time

21 and location, and after entry of a suitable protective order in this action.

22 **DOCUMENT REQUEST NO. 33 TO FIND IT PARTS:**

23      Documents sufficient to identify, with respect to all purchases of Identified

24 Products by Find It Parts from the Effective Date to the present and by year: (1) the

25 identity of the company or companies from which each Identified Product was

26 purchased; (2) the number of units of each Identified Product purchased; (3) the

27 amount(s) paid by Find It Parts for each unit of an Identified Product; and (4) the

28 date(s) of each purchase.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 34 TO FIND IT PARTS:**

All marketing emails referencing any Identified Product sent on behalf of Find It Parts, from the Effective Date to the present, along with documents sufficient to identify each recipient of each such email.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected

from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 35 TO FIND IT PARTS:**

All Documents and Communications relating to every sale, including invoices, purchase orders, and confirmations, of an Identified Product by Find It Parts, whether doing business in its own name or any other name, using the Internet, including but not limited to sales made through eBay.com and/or Amazon.com and/or any social media platform, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant.bjects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 36 TO FIND IT PARTS:**

Documents sufficient to identify every Find It Parts employee involved in the sale of any Identified Product, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 37 TO FIND IT PARTS:**

Documents and Communications sufficient to identify every brand name and model number under which any of the Identified Products have been known or sold, as well as sufficient to identify every company or store selling such products, from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks

materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Communications," "Identified. Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 38 TO FIND IT PARTS:**

Documents and Communications sufficient to identify every store, online store, or sales outlet owned or managed by Find It Parts but operating under a different name than "Find It Parts" at any time from the Effective Date to the present.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Communications," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 39 TO FIND IT PARTS:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with Midwest Truck & Auto Parts, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products,"

and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 40 TO FIND IT PARTS:**

All Documents or other physical evidence that you may rely upon or present at any trial, hearing, mediation or other proceeding of any kind in this matter.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "physical evidence," "may rely upon," "and "present at any trial." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and

1  representative documents in response to this Request, to the extent such documents
2  exist and can be located after a reasonable investigation, at a mutually agreed time
3  and location, and after entry of a suitable protective order in this action.
4  **DOCUMENT REQUEST NO. 41 TO FIND IT PARTS:**
5      All Documents identified, referred to, relied on, or consulted in answering
6  any Interrogatory in this matter.
7  **RESPONSE FROM FIND IT PARTS:**
8      In addition to the foregoing General Objections, Defendant specifically
9  objects to this Document Request insofar as it seeks information that is protected
10 from disclosure as being attorney-client privilege or under the work product
11 doctrine. Defendant also objects to this Request insofar as it seeks documents not
12 relevant to any claim or defense or not reasonably calculated to lead to the
13 discovery of admissible evidence. Further, Defendant specifically objects to this
14 Request to the extent that it seeks documents that are within the possession,
15 custody and control of third parties, and/or not in the possession, custody, or
16 control of Defendant. Defendant further objects to this Request insofar as it seeks
17 materials equally as available to Plaintiff as to Defendant. Defendant further
18 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
19 burdensome, confusing, and exceeding the scope of permissible discovery insofar
20 as it defines and uses the terms "All," and "consulted." This response is limited to
21 the documents and other evidence that must be produced in accordance with the
22 rules of civil procedure.
23     Subject to and without waiving the foregoing General and Specific
24 objections, Defendant will produce non-public, non-privileged, relevant and
25 representative documents in response to this Request, to the extent such documents
26 exist and can be located after a reasonable investigation, at a mutually agreed time
27 and location, and after entry of a suitable protective order in this action.
28 **DOCUMENT REQUEST NO. 42 TO FIND IT PARTS:**

All Documents and Communications relating to the Affirmative Defenses pleaded in Your Answer.

**RESPONSE FROM FIND IT PARTS:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Communications." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 1 TO MIDWEST:**

All Documents and Communications comprising or relating to the marketing or advertising of any of the Identified Products to purchasers or potential purchasers, including all advertising through any Media and all drafts and changes of and to all such content, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Media," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 2 TO MIDWEST:**

All Documents and Communications relating to Midwest's consideration and planning of the idea or concept of developing, manufacturing, importing, selling, or marketing any of the Identified Products.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 3 TO MIDWEST:**

All Documents and Communications relating to each instance when by any Media, including within any Midwest catalog, in any Midwest print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by Midwest (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), or in any other Midwest marketing or advertising materials, the term "Grover" (or any variations in capitalization thereof) has been used, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Media," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

1  exist and can be located after a reasonable investigation, at a mutually agreed time
2  and location, and after entry of a suitable protective order in this action.

3  **DOCUMENT REQUEST NO. 4 TO MIDWEST:**

4      All Documents and Communications relating to each instance, when by any
5  Media, including within any Midwest catalog, in any Midwest print or electronic
6  advertising, on any social media platform, on any website owned, controlled,
7  operated, or utilized by Midwest (including any homepage and any content or
8  submenu pages and including any third-party marketplace websites such as
9  eBay.com and Amazon.com), or in any other Midwest marketing or advertising
10  materials, any one or more of the Identified Model Numbers has been used, from
11  the Effective Date to the present.

12  **RESPONSE FROM MIDWEST:**

13      In addition to the foregoing General Objections, Defendant specifically
14  objects to this Document Request insofar as it seeks information that is protected
15  from disclosure as being attorney-client privilege or under the work product
16  doctrine. Defendant also objects to this Request insofar as it seeks documents not
17  relevant to any claim or defense or not reasonably calculated to lead to the
18  discovery of admissible evidence. Further, Defendant specifically objects to this
19  Request to the extent that it seeks documents that are within the possession,
20  custody and control of third parties, and/or not in the possession, custody, or
21  control of Defendant. Defendant further objects to this Request insofar as it seeks
22  materials equally as available to Plaintiff as to Defendant. Defendant further
23  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
24  burdensome, confusing, and exceeding the scope of permissible discovery insofar
25  as it defines and uses the terms "All," "Media," "Identified Model Numbers," and
26  "Effective Date." This response is limited to the products that were specifically
27  identified in the Complaint by Plaintiff.

28

1  Subject to and without waiving the foregoing General and Specific
2  objections, Defendant will produce non-public, non-privileged, relevant and
3  representative documents in response to this Request, to the extent such documents
4  exist and can be located after a reasonable investigation, at a mutually agreed time
5  and location, and after entry of a suitable protective order in this action.

6  **DOCUMENT REQUEST NO. 5 TO MIDWEST:**

7  Documents and Communications sufficient to identify every method by
8  which any digital catalog created by Midwest after the Effective Date and
9  containing any use of the term "Grover" and/or any of the Identified Model
10  Numbers was advertised or distributed to any individual or entity and the extent of
11  such advertising or distribution

12  **RESPONSE FROM MIDWEST:**

13  In addition to the foregoing General Objections, Defendant specifically
14  objects to this Document Request insofar as it seeks information that is protected
15  from disclosure as being attorney-client privilege or under the work product
16  doctrine. Defendant also objects to this Request insofar as it seeks documents not
17  relevant to any claim or defense or not reasonably calculated to lead to the
18  discovery of admissible evidence. Further, Defendant specifically objects to this
19  Request to the extent that it seeks documents that are within the possession,
20  custody and control of third parties, and/or not in the possession, custody, or
21  control of Defendant. Defendant further objects to this Request insofar as it seeks
22  materials equally as available to Plaintiff as to Defendant. Defendant further
23  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
24  burdensome, confusing, and exceeding the scope of permissible discovery insofar
25  as it defines and uses the terms "every," "Grover," "Identified Model Numbers,"
26  and "Effective Date." This response is limited to the products that were specifically
27  identified in the Complaint by Plaintiff.

28

1   Subject to and without waiving the foregoing General and Specific

2   objections, Defendant will produce non-public, non-privileged, relevant and

3   representative documents in response to this

4       Request, to the extent such documents exist and can be located after a

5   reasonable investigation, at a mutually agreed time and location, and after entry of

6   a suitable protective order in this action.

7   **DOCUMENT REQUEST NO. 6 TO MIDWEST:**

8       All Documents and Communications created after the Effective Date related

9   to any content in any printed catalog that includes any usage of the term "Grover"

10  (or any variations thereof) or any of the Identified Model Numbers. Documents

11  and Communications produced in response to this request must include, without

12  limitation, documents sufficient to identify: (1) examples of all such catalogs, for

13  at least each year since the Effective Date; (2) identification of the individuals or

14  entities that printed all such catalogs; (3) documentation of the number and type of

15  all such catalogs printed; (4) documentation of the distribution of all such catalogs

16  after printing, including the number of catalogs distributed to each Midwest store,

17  wholesale sales outlet, distributor, retailer, or any third party identified by

18  company name; (5) documentation reflecting the present location of all such

19  catalogs and, to the extent Midwest no longer possesses such catalogs,

20  identification of the last individual or entity known by Midwest to possess each

21  such catalog, including all known contact information for each such individual or

22  entity.

23  **RESPONSE FROM MIDWEST:**

24      In addition to the foregoing General Objections, Defendant specifically

25  objects to this Document Request insofar as it seeks information that is protected

26  from disclosure as being attorney-client privilege or under the work product

27  doctrine. Defendant also objects to this Request insofar as it seeks documents not

28  relevant to any claim or defense or not reasonably calculated to lead to the

discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 7 TO MIDWEST:**

One example of each Midwest catalog, whether printed or digital, by month and year created after the Effective Date.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks

materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "each Midwest catalog," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 8 TO MIDWEST:**

All Documents and Communications reflecting any effort by Midwest to preserve any relevant or potentially relevant infonnation or evidence after commencement of this litigation.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar

as it defines and uses the terms "All," and "after commencement of this litigation." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 9 TO MIDWEST:**

All Documents and Communications (whether maintained at the corporate level, retail store level, or otherwise and whether for internal or external use) comprising or relating to information, instructions, scripts, talking points, internal computer webpages or databases, training materials, internal education materials or applications, or any other content referring to or mentioning Grover, Grover's trademark, any of Grover's products, or Grover's model numbers, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 10 TO MIDWEST:**

All Documents and Communications relating to any description for any of the Identified Products that was either created by Midwest or provided by Midwest to any sellers of any Identified Products. Documents and Communications produced in response to this request must include, but are not limited to, all Documents and Communications relating to the description "AIR HORN GROVER 24" 0.A." used in connection with the WAL1024 air horn.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 11 TO MIDWEST:**

All agreements, contracts, applications, and Communications regarding any such agreements, contracts, or applications between Midwest and any of the retailers of distributors to whom Midwest has sold Identified Products.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is

limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 12 TO MIDWEST:**

All Documents and Communications relating to any changes to the advertising practices, product descriptions, employee training practices, retail operations, distributor or retailer operations, or business practices of Midwest with respect to the Identified Products, Grover or any trademark of Grover, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of peiiiiissible discovery insofar as it defines and uses the terms "All," "Grover," "Identified Products," and

"Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 13 TO MIDWEST:**

All Documents and Communications that reflect, refer to, relate to, or evidence any instances of actual or possible confusion or mistake of any person or entity as to a possible relationship between the products of Grover and the products of any Defendant, including but not limited to Documents and Communications evidencing or relating to inquiries by Midwest's customers or potential customers, distributors or retailers, or members of the public regarding an association, connection, or affiliation between Grover and any Defendant, or the products thereof, from the Effective Date to the present. Documents and Communications produced in response to this request include, but are not limited to, all purchase orders and other communications received by Midwest in which an individual or entity has sought to purchase or asked a question or made a comment about a product by referencing Grover, any trademark of Grover, or any model number of Grover.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this

Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," "Documents." "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 14 TO MIDWEST:**

All Documents and Communications regarding any concerns of similarity or confusion and any complaint that any Midwest product is or was, in sum or substance, a "knock off" or counterfeit of a product of any other company, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

1  custody and control of third parties, and/or not in the possession, custody, or
2  control of Defendant. Defendant further objects to this Request insofar as it seeks
3  materials equally as available to Plaintiff as to Defendant. Defendant further
4  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
5  burdensome, confusing, and exceeding the scope of permissible discovery insofar
6  as it defines and uses the terms "All," "knock-off," "counterfeit," and "Effective
7  Date." This response is limited to the products that were specifically identified in
8  the Complaint by Plaintiff.

9  Subject to and without waiving the foregoing General and Specific
10  objections, Defendant will produce non-public, non-privileged, relevant and
11  representative documents in response to this Request, to the extent such documents
12  exist and can be located after a reasonable investigation, at a mutually agreed time
13  and location, and after entry of a suitable protective order in this action.

14  **DOCUMENT REQUEST NO. 15 TO MIDWEST:**

15  All Documents and Communications to or from Midwest's vendors or
16  suppliers of the Identified Products relating to or regarding the Identified Products,
17  Grover, any trademark of Grover, or the Identified Model Numbers, including
18  without limitation all invoices, purchase orders, and confirmations.

19  **RESPONSE FROM MIDWEST:**

20  In addition to the foregoing General Objections, Defendant specifically
21  objects to this Document Request insofar as it seeks information that is protected
22  from disclosure as being attorney-client privilege or under the work product
23  doctrine. Defendant also objects to this Request insofar as it seeks documents not
24  relevant to any claim or defense or not reasonably calculated to lead to the
25  discovery of admissible evidence. Further, Defendant specifically objects to this
26  Request to the extent that it seeks documents that are within the possession,
27  custody and control of third parties, and/or not in the possession, custody, or
28  control of Defendant. Defendant further objects to this Request insofar as it seeks

materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Grover," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 16 TO MIDWEST:**

All Documents and Communications relating to the sale, including invoices, purchase orders, and confirmations of any of the Identified Products, and including any Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar

as it defines and uses the terms "All," "Identified Products," "Identified Derivative Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 17 TO MIDWEST:**

All import and export records relating to Identified Products.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks infoiiiiation that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and

representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 18 TO MIDWEST:**

All Documents relating to or evidence of Your costs associated with the manufacture and/or acquisition and the sales of the Identified Products and corresponding Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," "Identified Derivative Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

1    exist and can be located after a reasonable investigation, at a mutually agreed time

2    and location, and after entry of a suitable protective order in this action.

3    **DOCUMENT REQUEST NO. 19 TO MIDWEST:**

4       All Documents relating to or evidencing Your revenues generated through

5    the sale of any of the Identified Products, and including any Identified Derivative

6    Products, and/or though (Sic) the use of the term "Grover" (or any variations

7    thereof) from the Effective Date to the present.

8    **RESPONSE FROM MIDWEST:**

9       In addition to the foregoing General Objections, Defendant specifically

10    objects to this Document Request insofar as it seeks information that is protected

11    from disclosure as being attorney-client privilege or under the work product

12    doctrine. Defendant also objects to this Request insofar as it seeks documents not

13    relevant to any claim or defense or not reasonably calculated to lead to the

14    discovery of admissible evidence. Further, Defendant specifically objects to this

15    Request to the extent that it seeks documents that are within the possession,

16    custody and control of third parties, and/or not in the possession, custody, or

17    control of Defendant. Defendant further objects to this Request insofar as it seeks

18    materials equally as available to Plaintiff as to Defendant. Defendant further

19    objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

20    burdensome, confusing, and exceeding the scope of permissible discovery insofar

21    as it defines and uses the terms "All," "Identified Products," "Identified Derivative

22    Products," "Grover," and "Effective Date." This response is limited to the products

23    that were specifically identified in the Complaint by Plaintiff.

24       Subject to and without waiving the foregoing General and Specific

25    objections, Defendant will produce non-public, non-privileged, relevant and

26    representative documents in response to this Request, to the extent such documents

27    exist and can be located after a reasonable investigation, at a mutually agreed time

28    and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 20 TO MIDWEST:**

Documents sufficient to Identify every individual or entity that has purchased any one of the Identified Products from Midwest at any time since the Effective Date, including each such individual or entity's address, city and state, the products purchased and the date of the purchase(s).

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every individual or entity," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 21 TO MIDWEST:**

1  Documents sufficient to Identify each country in which Identified Products
2  have been sold or distributed.

3  **RESPONSE FROM MIDWEST:**

4  In addition to the foregoing General Objections, Defendant specifically
5  objects to this Document Request insofar as it seeks information that is protected
6  from disclosure as being attorney-client privilege or under the work product
7  doctrine. Defendant also objects to this Request insofar as it seeks documents not
8  relevant to any claim or defense or not reasonably calculated to lead to the
9  discovery of admissible evidence. Further, Defendant specifically objects to this
10 Request to the extent that it seeks documents that are within the possession,
11 custody and control of third parties, and/or not in the possession, custody, or
12 control of Defendant. Defendant further objects to this Request insofar as it seeks
13 materials equally as available to Plaintiff as to Defendant. Defendant further
14 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
15 burdensome, confusing, and exceeding the scope of permissible discovery insofar
16 as it defines and uses the terms "Identify and "Identified Products." This response
17 is limited to the products that were specifically identified in the Complaint by
18 Plaintiff.

19 Subject to and without waiving the foregoing General and Specific
20 objections, Defendant will produce non-public, non-privileged, relevant and
21 representative documents in response to this

22 Request, to the extent such documents exist and can be located after a
23 reasonable investigation, at a mutually agreed time and location, and after entry of
24 a suitable protective order in this action.

25 **DOCUMENT REQUEST NO. 22 TO MIDWEST:**

26 All Documents and Communications relating to customer returns of any of
27 the Identified Products, including, without limitation, Documents evidencing each
28 instance of a returned product, the date of the purchase, the date of return, the

1  reason(s) for the return, the name and last known address of the customer returning
2  the product, any Communications with the customer returning the product, the
3  amount of money the customer paid for the product, and the amount of money
4  returned to the customer, from the Effective Date to the present.

5  **RESPONSE FROM MIDWEST:**

6         In addition to the foregoing General Objections, Defendant specifically
7  objects to this Document Request insofar as it seeks information that is protected
8  from disclosure as being attorney-client privilege or under the work product
9  doctrine. Defendant also objects to this Request insofar as it seeks documents not
10 relevant to any claim or defense or not reasonably calculated to lead to the
11 discovery of admissible evidence. Further, Defendant specifically objects to this
12 Request to the extent that it seeks documents that are within the possession,
13 custody and control of third parties, and/or not in the possession, custody, or
14 control of Defendant. Defendant further objects to this Request insofar as it seeks
15 materials equally as available to Plaintiff as to Defendant. Defendant further
16 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
17 burdensome, confusing, and exceeding the scope of permissible discovery insofar
18 as it defines and uses the terms "All," "Communications," "Identified Products,"
19 and "Effective Date." This response is limited to the products that were specifically
20 identified in the Complaint by Plaintiff

21        Subject to and without waiving the foregoing General and Specific
22 objections, Defendant will produce non-public, non-privileged, relevant and
23 representative documents in response to this Request, to the extent such documents
24 exist and can be located after a reasonable investigation, at a mutually agreed time
25 and location, and after entry of a suitable protective order in this action.

26 **DOCUMENT REQUEST NO. 23 TO MIDWEST:**

27        All Documents and Communications relating to customer complaints
28 regarding the perfomiance of any of the Identified Products, including, without

1  limitation, Documents evidencing each instance of a complaint, the date of the

2  purchase, the date of complaint, the reason(s) for the complaint, the name and last

3  known address of the customer making the complaint, and any Communications

4  with the customer regarding the complaint, from the Effective Date to the present.

5  **RESPONSE FROM MIDWEST:**

6      In addition to the foregoing General Objections, Defendant specifically

7  objects to this Document Request insofar as it seeks information that is protected

8  from disclosure as being attorney-client privilege or under the work product

9  doctrine. Defendant also objects to this Request insofar as it seeks documents not

10 relevant to any claim or defense or not reasonably calculated to lead to the

11 discovery of admissible evidence. Further, Defendant specifically objects to this

12 Request to the extent that it seeks documents that are within the possession,

13 custody and control of third parties, and/or not in the possession, custody, or

14 control of Defendant. Defendant further objects to this Request insofar as it seeks

15 materials equally as available to Plaintiff as to Defendant. Defendant further

16 objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

17 burdensome, confusing, and exceeding the scope of permissible discovery insofar

18 as it defines and uses the terms "All," "Communications," "Identified Products,"

19 and "Effective Date." This response is limited to the products that were specifically

20 identified in the Complaint by Plaintiff

21     Subject to and without waiving the foregoing General and Specific

22 objections, Defendant will produce non-public, non-privileged, relevant and

23 representative documents in response to this Request, to the extent such documents

24 exist and can be located after a reasonable investigation, at a mutually agreed time

25 and location, and after entry of a suitable protective order in this action.

26 **DOCUMENT REQUEST NO. 24 TO MIDWEST:**

27     All Communications from customers or potential customers that include a

28 message, inquiry, or request regarding purchasing a Grover product.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," and "Grover." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 25 TO MIDWEST:**

All Documents and Communications provided to any consumer, distributor, or retailer or exchanged with any consumer, distributor, or retailer referencing or relating to the Identified Products, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected

from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 26 TO MIDWEST:**

All Documents and Communications relating to the statements and purchases described in Paragraph 45-67 of Grover's Complaint, including but not limited to Documents and Communications sufficient to identify the names of the referenced individuals and all individuals with knowledge regarding the referenced statements and purchases.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Communications." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 27 TO MIDWEST:**

All Documents and Communications reflecting, evidencing, or relating to any work by any printer, photographer, advertising agency, public relations firm, IT group, or any other service provider referencing or relating to the use of the term "Grover" (or any variations thereof) or the Identified Model Numbers, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not

relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action

**DOCUMENT REQUEST NO. 28 TO MIDWEST:**

All Documents and Communications relating to every sale, including invoices, purchase orders, and confirmations, of any Identified Product to any governmental unit or entity at any time after the Effective Date or to any original equipment manufacturer or reseller who thereafter resold the Identified Product, either standing alone or as part of manufactured or repaired product, to any government entity at any time after the effective date (Sic).

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not

relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "every," "Communications," "Identified Product," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 29 TO MIDWEST:**

All Documents and Communications possessed by Midwest at any time after the Effective Date relating to contracts, specifications, requirements, or standards established by any individual or entity, including but not limited to any governmental unit or entity, that calls for the installation, purchase, or use of any product manufactured or sold by Grover.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the

discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff. Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 30 TO MIDWEST:**

All Documents and Communications sent to or relating to any communication to any salesperson, employee, store, sales outlet, distributor, or retailer regarding the Identified Products,Grover, any trademark of Grover, or the Identified Model Numbers, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," "Grover," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 31 TO MIDWEST:**

All Documents and Communications relating to the part numbers used to identify any of the Identified Products, including but not limited to all Documents and Communications relating to the selection of those part numbers and/or any discussion or implementation of any change to different part numbers for those parts.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," and "Identified Products." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action

**DOCUMENT REQUEST NO. 32 TO MIDWEST:**

All Documents and Communications relating to any trade shows, demonstrations, product offering events, or other events at which Midwest displayed, distributed, or transmitted any information in any form regarding any of the Identified Products, from the Effective Date to the present. Documents produced in response to this request must include, but are not limited to, documents sufficient to identify all information or materials regarding the Identified Products distributed or transmitted, documents sufficient to identify all Midwest personnel and third parties present for or receiving the distributed information or materials, all photographs and recordings relating to each such trade show or event, and documents sufficient to identify each such trade show or event.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 33 TO MIDWEST:**

Documents sufficient to identify, with respect to all purchases of Identified Products by Midwest from the Effective Date to the present and by year: (1) the identity of the company or companies from which each Identified Product was purchased; (2) the number of units of each Identified Product purchased; (3) the amount(s) paid by Midwest for each unit of an Identified Product; and (4) the date(s) of each purchase.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 34 TO MIDWEST:**

All marketing emails referencing any Identified Product sent on behalf of Midwest, from the Effective Date to the present, along with documents sufficient to identify each recipient of each such email.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this

Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 35 TO MIDWEST:**

All Documents and Communications relating to every sale, including invoices, purchase orders, and confirmations, of an Identified Product by Midwest, whether doing business in its own name or any other name, using the Internet, including but not limited to sales made through eBay.com and/or Amazon.com and/or any social media platform, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 36 TO MIDWEST:**

Documents sufficient to identify every Midwest employee involved in the sale of any Identified Product, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 37 TO MIDWEST:**

Documents and Communications sufficient to identify every brand name and model number under which any of the Identified Products have been known or sold, as well as sufficient to identify every company or store selling such products, from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Communications," "Identified Products,"

and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 38 TO MIDWEST:**

Documents and Communications sufficient to identify every store, online store, or sales outlet owned or managed by Midwest but operating under a different name than "Midwest" at any time from the Effective Date to the present.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every," "Communications," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

1      Subject to and without waiving the foregoing General and Specific

2  objections, Defendant will produce non-public, non-privileged, relevant and

3  representative documents in response to this Request, to the extent such documents

4  exist and can be located after a reasonable investigation, at a mutually agreed time

5  and location, and after entry of a suitable protective order in this action.

6  **DOCUMENT REQUEST NO. 39 TO MIDWEST:**

7      For the avoidance of doubt as to scope of the foregoing document requests,

8  all Documents and Communications exchanged with FleetPride, Inc. relating to or

9  regarding the Identified Products, Grover, any trademark of Grover, or the

10  Identified Model Numbers.

11  **RESPONSE FROM MIDWEST:**

12      In addition to the foregoing General Objections, Defendant specifically

13  objects to this Document Request insofar as it seeks information that is protected

14  from disclosure as being attorney-client privilege or under the work product

15  doctrine. Defendant also objects to this Request insofar as it seeks documents not

16  relevant to any claim or defense or not reasonably calculated to lead to the

17  discovery of admissible evidence. Further, Defendant specifically objects to this

18  Request to the extent that it seeks documents that are within the possession,

19  custody and control of third parties, and/or not in the possession, custody, or

20  control of Defendant. Defendant further objects to this Request insofar as it seeks

21  materials equally as available to Plaintiff as to Defendant. Defendant further

22  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

23  burdensome, confusing, and exceeding the scope of permissible discovery insofar

24  as it defines and uses the terms "all," "Communications," "Identified Products,"

25  and "Identified Model Numbers." This response is limited to the products that were

26  specifically identified in the Complaint by Plaintiff

27      Subject to and without waiving the foregoing General and Specific

28  objections, Defendant will produce non-public, non-privileged, relevant and

1   representative documents in response to this Request, to the extent such documents

2   exist and can be located after a reasonable investigation, at a mutually agreed time

3   and location, and after entry of a suitable protective order in this action.

4   **DOCUMENT REQUEST NO. 40 TO MIDWEST:**

5       For the avoidance of doubt as to scope of the foregoing document requests,

6   all Documents and Communications exchanged with Everplus Car Horn Co., Ltd.

7   relating to or regarding the Identified Products, Grover, any trademark of Grover,

8   or the Identified Model Numbers.

9   **RESPONSE FROM MIDWEST:**

10      In addition to the foregoing General Objections, Defendant specifically

11  objects to this Document Request insofar as it seeks information that is protected

12  from disclosure as being attorney-client privilege or under the work product

13  doctrine. Defendant also objects to this Request insofar as it seeks documents not

14  relevant to any claim or defense or not reasonably calculated to lead to the

15  discovery of admissible evidence. Further, Defendant specifically objects to this

16  Request to the extent that it seeks documents that are within the possession,

17  custody and control of third parties, and/or not in the possession, custody, or

18  control of Defendant. Defendant further objects to this Request insofar as it seeks

19  materials equally as available to Plaintiff as to Defendant. Defendant further

20  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

21  burdensome, confusing, and exceeding the scope of permissible discovery insofar

22  as it defines and uses the terms "all," "Communications," "Identified Products,"

23  and "Identified Model Numbers." This response is limited to the products that were

24  specifically identified in the Complaint by Plaintiff.

25      Subject to and without waiving the foregoing General and Specific

26  objections, Defendant will produce non-public, non-privileged, relevant and

27  representative documents in response to this Request, to the extent such documents

28

exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 41 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with Find It Parts, LLC relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the teens "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 42 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with National Drivetrain, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 43 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with PDM, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 44 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with ISO Group, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 45 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests all Documents and Communications exchanged with Lorenzo's Beacon relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 46 TO MIDWEST:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with Brown Truck Parts relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 47 TO MIDWEST:**

All Documents or other physical evidence that you may rely upon or present at any trial, hearing, mediation or other proceeding of any kind in this matter.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "physical evidence," "may rely upon," "and "present at any trial." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 48 TO MIDWEST:**

All Documents identified, referred to, relied on, or consulted in answering any Interrogatory in this matter.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "consulted." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 49 TO MIDWEST:**

All Documents and Communications relating to the Affirmative Defenses pleaded in Your Answer.

**RESPONSE FROM MIDWEST:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not

relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Communications." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 1 TO NATIONAL DRIVETRAIN:**

All documents and Communications comprising, constituting, evidencing, or relating to the marketing or advertising of any product using the term "Grover," or any product using the Identified Model Numbers, including all advertising through any Media and all drafts and changes of and to all such content, from the Effective Date to the present. Documents and Communications produced in response to this request must include, but are not limited to, all Documents and Communications relating to the description "AIR HORN GROVER 24" O.A." used in connection with the WAL1024 air horn.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected

from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Media," "Identified Products," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 2 TO NATIONAL DRIVETRAIN:**

All Documents and Communications comprising, constituting, evidencing, or relating to training, instructional, or educational materials referring to or mentioning Grover, Grover's trademark, any of Grover's products, or Grover's model numbers, from the Effective Date to the present.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 3 TO NATIONAL DRIVETRAIN:**

All Documents and Communications that reflect, refer to, relate to, or evidence any instances of actual or possible confusion or mistake of any person or entity as to a possible relationship between the products of Grover and the products of any Defendant or as to a belief that You sell Grover products.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the

discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," and "Grover." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 4 TO NATIONAL DRIVETRAIN:**

All Documents and Communications to or from Your vendors, suppliers, distributors, retailers, and customers relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or

control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Grover," "Identified Products," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 5 TO NATIONAL DRIVETRAIN:**

All Documents and Communications relating to the sale, including invoices, purchase orders, and confirmations, of any of the Identified Products, and including Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," "Identified Derivative Products, "and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 6 TO NATIONAL DRIVETRAIN:**

All Documents relating to or evidence of Your costs associated with the manufacture and/or acquisition and the sales of the Identified Products and corresponding Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," "Identified Derivative

Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 7 TO NATIONAL DRIVETRAIN:**

All Documents relating to or evidencing Your revenues generated through the sale of any of the Identified Products, and including any Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," "Identified Derivative Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

1    Subject to and without waiving the foregoing General and Specific

2    objections, Defendant will produce non-public, non-privileged, relevant and

3    representative documents in response to this Request, to the extent such documents

4    exist and can be located after a reasonable investigation, at a mutually agreed time

5    and location, and after entry of a suitable protective order in this action.

6    **DOCUMENT REQUEST NO. 8 TO NATIONAL DRIVETRAIN:**

7    Documents sufficient to Identify every individual or entity that has

8    purchased any one of the Identified Products from You at any time since the

9    Effective Date, including each such individual or entity's address, city and state,

10   the products purchased and the date of the purchase(s).

11   **RESPONSE FROM NATIONAL DRIVETRAIN:**

12   In addition to the foregoing General Objections, Defendant specifically

13   objects to this Document Request insofar as it seeks information that is protected

14   from disclosure as being attorney-client privilege or under the work product

15   doctrine. Defendant also objects to this Request insofar as it seeks documents not

16   relevant to any claim or defense or not reasonably calculated to lead to the

17   discovery of admissible evidence. Further, Defendant specifically objects to this

18   Request to the extent that it seeks documents that are within the possession,

19   custody and control of third parties, and/or not in the possession, custody, or

20   control of Defendant. Defendant further objects to this Request insofar as it seeks

21   materials equally as available to Plaintiff as to Defendant. Defendant further

22   objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

23   burdensome, confusing, and exceeding the scope of permissible discovery insofar

24   as it defines and uses the terms "every individual or entity," "Identified Products,"

25   and "Effective Date." This response is limited to the products that were specifically

26   identified in the Complaint by Plaintiff

27   Subject to and without waiving the foregoing General and Specific

28   objections, Defendant will produce non-public, non-privileged, relevant and

representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 9 TO NATIONAL DRIVETRAIN:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with Midwest Truck & Auto Parts, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," "Grover," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 10 TO NATIONAL DRIVETRAIN:**

All Documents and Communications relating to the statements and purchases described in Paragraph 57-58 of Grover's Complaint, including but not limited to Documents and Communications sufficient to identify the names of the referenced individuals and all individuals with knowledge regarding the referenced statements and purchases.

**RESPONSE FROM NATIONAL DRIVETRAIN:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Communications." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

1  exist and can be located after a reasonable investigation, at a mutually agreed time

2  and location, and after entry of a suitable protective order in this action.

3  **DOCUMENT REQUEST NO. 11 TO NATIONAL DRIVE TRAIN:**

4        All Documents or other physical evidence that you may rely upon or present

5  at any trial, hearing, mediation or other proceeding of any kind in this matter.

6  **RESPONSE FROM NATIONAL DRIVE TRAIN:**

7        In addition to the foregoing General Objections, Defendant specifically

8  objects to this Document Request insofar as it seeks information that is protected

9  from disclosure as being attorney-client privilege or under the work product

10  doctrine. Defendant also objects to this Request insofar as it seeks documents not

11  relevant to any claim or defense or not reasonably calculated to lead to the

12  discovery of admissible evidence. Further, Defendant specifically objects to this

13  Request to the extent that it seeks documents that are within the possession,

14  custody and control of third parties, and/or not in the possession, custody, or

15  control of Defendant. Defendant further objects to this Request insofar as it seeks

16  materials equally as available to Plaintiff as to Defendant. Defendant further

17  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

18  burdensome, confusing, and exceeding the scope of permissible discovery insofar

19  as it defines and uses the terms "All," "physical evidence," "may rely upon," "and

20  "present at any trial." This response is limited to the documents and other evidence

21  that must be produced in accordance with the rules of civil procedure.

22        Subject to and without waiving the foregoing General and Specific

23  objections, Defendant will produce non-public, non-privileged, relevant and

24  representative documents in response to this Request, to the extent such documents

25  exist and can be located after a reasonable investigation, at a mutually agreed time

26  and location, and after entry of a suitable protective order in this action.

27  **DOCUMENT REQUEST NO. 1 TO PDM:**

28

All Documents and Communications comprising, constituting, evidencing, or relating to the marketing or advertising of any product using the term "Grover," or any product using the Identified Model Numbers, including all advertising through any Media and all drafts and changes of and to all such content, from the Effective Date to the present. Documents and Communications produced in response to this request must include, but are not limited to, all Documents and Communications relating to the description "AIR HORN GROVER 24" 0.A." used in connection with the WAL1024 air horn.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Media," "Identified Products," "Identified Model Numbers," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents

exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 2 TO PDM:**

All Documents and Communications comprising, constituting, evidencing, or relating to training, instructional, or educational materials referring to or mentioning Grover, Grover's trademark, any of Grover's products, or Grover's model numbers, from the Effective Date to the present.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Grover," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 3 TO PDM:**

All Documents and Communications that reflect, refer to, relate to, or evidence any instances of actual or possible confusion or mistake of any person or entity as to a possible relationship between the products of Grover and the products of any Defendant or as to a belief that You sell Grover products.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," and "Grover." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 4 TO PDM:**

1  All Documents and Communications to or from Your vendors, suppliers,

2  distributors, retailers, and customers relating to or regarding the Identified

3  Products, Grover, any trademark of Grover, or the Identified Model Numbers.

4  **RESPONSE FROM PDM:**

5  In addition to the foregoing General Objections, Defendant specifically

6  objects to this Document Request insofar as it seeks information that is protected

7  from disclosure as being attorney-client privilege or under the work product

8  doctrine. Defendant also objects to this Request insofar as it seeks documents not

9  relevant to any claim or defense or not reasonably calculated to lead to the

10  discovery of admissible evidence. Further, Defendant specifically objects to this

11  Request to the extent that it seeks documents that are within the possession,

12  custody and control of third parties, and/or not in the possession, custody, or

13  control of Defendant. Defendant further objects to this Request insofar as it seeks

14  materials equally as available to Plaintiff as to Defendant. Defendant further

15  objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly

16  burdensome, confusing, and exceeding the scope of permissible discovery insofar

17  as it defines and uses the terms "All," "Communications," "Grover," "Identified

18  Products," and "Identified Model Numbers." This response is limited to the

19  products that were specifically identified in the Complaint by Plaintiff.

20  Subject to and without waiving the foregoing General and Specific

21  objections, Defendant will produce non-public, non-privileged, relevant and

22  representative documents in response to this Request, to the extent such documents

23  exist and can be located after a reasonable investigation, at a mutually agreed time

24  and location, and after entry of a suitable protective order in this action.

25  **DOCUMENT REQUEST NO. 5 TO PDM:**

26  All Documents and Communications relating to the sale, including invoices,

27  purchase orders, and confirmations, of any of the Identified Products, and

28  including Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Communications," "Identified Products," "Identified Derivative Products,"and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 6 TO PDM:**

All Documents relating to or evidence of Your costs associated with the manufacture and/or acquisition and the sales of the Identified Products and corresponding Identified Derivative Products, from the Effective Date to the present.

**RESPONSE FROM PDM:**

1    In addition to the foregoing General Objections, Defendant specifically
2    objects to this Document Request insofar as it seeks information that is protected
3    from disclosure as being attorney-client privilege or under the work product
4    doctrine. Defendant also objects to this Request insofar as it seeks documents not
5    relevant to any claim or defense or not reasonably calculated to lead to the
6    discovery of admissible evidence. Further, Defendant specifically objects to this
7    Request to the extent that it seeks documents that are within the possession,
8    custody and control of third parties, and/or not in the possession, custody, or
9    control of Defendant. Defendant further objects to this Request insofar as it seeks
10   materials equally as available to Plaintiff as to Defendant. Defendant further
11   objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly
12   burdensome, confusing, and exceeding the scope of permissible discovery insofar
13   as it defines and uses the terms "All," "Identified Products," "Identified Derivative
14   Products," and "Effective Date." This response is limited to the products that were
15   specifically identified in the Complaint by Plaintiff.

16       Subject to and without waiving the foregoing General and Specific
17   objections, Defendant will produce non-public, non-privileged, relevant and
18   representative documents in response to this Request, to the extent such documents
19   exist and can be located after a reasonable investigation, at a mutually agreed time
20   and location, and after entry of a suitable protective order in this action.

21   **DOCUMENT REQUEST NO. 7 TO PDM:**

22       All Documents relating to or evidencing Your revenues generated through
23   the sale of any of the Identified Products, and including any Identified Derivative
24   Products, from the Effective Date to the present.

25   **RESPONSE FROM PDM:**

26       In addition to the foregoing General Objections, Defendant specifically
27   objects to this Document Request insofar as it seeks information that is protected
28   from disclosure as being attorney-client privilege or under the work product

doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," "Identified Products," "Identified Derivative Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 8 TO PDM:**

Documents sufficient to Identify every individual or entity that has purchased any one of the Identified Products from You at any time since the Effective Date, including each such individual or entity's address, city and state, the products purchased and the date of the purchase(s).

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the

discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "every individual or entity," "Identified Products," and "Effective Date." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 9 TO PDM:**

For the avoidance of doubt as to scope of the foregoing document requests, all Documents and Communications exchanged with Midwest Truck & Auto Parts, Inc. relating to or regarding the Identified Products, Grover, any trademark of Grover, or the Identified Model Numbers.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession,

custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "all," "Communications," "Identified Products," "Grover," and "Identified Model Numbers." This response is limited to the products that were specifically identified in the Complaint by Plaintiff.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 10 TO PDM:**

All Documents and Communications relating to the statements and purchases described in Paragraph 57-58 of Grover's Complaint, including but not limited to Documents and Communications sufficient to identify the names of the referenced individuals and all individuals with knowledge regarding the referenced statements and purchases.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or

control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar as it defines and uses the terms "All," and "Communications." This response is limited to the products that were specifically identified in the Complaint by Plaintiff

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

**DOCUMENT REQUEST NO. 11 TO PDM:**

All Documents or other physical evidence that you may rely upon or present at any trial, hearing, mediation or other proceeding of any kind in this matter.

**RESPONSE FROM PDM:**

In addition to the foregoing General Objections, Defendant specifically objects to this Document Request insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Request to the extent that it seeks documents that are within the possession, custody and control of third parties, and/or not in the possession, custody, or control of Defendant. Defendant further objects to this Request insofar as it seeks materials equally as available to Plaintiff as to Defendant. Defendant further objects to this Request on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery insofar

as it defines and uses the terms "All," "physical evidence," "may rely upon," "and "present at any trial." This response is limited to the documents and other evidence that must be produced in accordance with the rules of civil procedure.

Subject to and without waiving the foregoing General and Specific objections, Defendant will produce non-public, non-privileged, relevant and representative documents in response to this Request, to the extent such documents exist and can be located after a reasonable investigation, at a mutually agreed time and location, and after entry of a suitable protective order in this action.

### 2. *Grover's Contentions*

Defendants have impermissibly limited their cooperation with discovery requests to only one air horn model—the WAL1024. That self-imposed limitation is impermissible and complete responses and production must be ordered.

In its initial discovery requests, Grover defined three product related terms, "Identified Products," "Identified Derivative Products," and "Identified Model Numbers." Defendants objected to each definition and, through their general objections and responses to specific requests, have limited *every* Response to the "product" and "model number" "that Plaintiff specifically identified and accused in the Complaint, and in subsequent communications, the WAL1024 air horn." In addition, Defendants specifically objected to *every* Request for Production and Interrogatory, whether it included these terms or not, by stating: "This response is limited to the products that were specifically identified [or accused] in the Complaint…" (Scott Decl. Exs. A–H.) In practice, this means that Defendants have refused to provide any documents or information regarding any product other than the WAL1024 air horn, notwithstanding that the Complaint alleges and seeks damages relating to Defendants' sales of additional products and that the Interrogatories and Requests for Production explicitly seek documents and information relating to additional products. (Scott Decl. ¶ 12.)

During the May 11 meet and confer conference, Grover explained that such limitation was improper. *See*, *e.g*., *Prime Techs., Inc. v. Adobe Sys. Inc., et al*., No. 8:10CV220 (D. Neb. Dec. 14, 2011) (denying defendants' request to prevent discovery of non-accused products and restrict discovery to only the accused products as "articulated [] in the… complaint" and holding discovery is not so limited). Grover also pointed out that (1) not all discovery was product specific and (2) products other than the WAL1024 air horn are identified and accused in the Complaint, including the WA2022 and WA1600. Defendants again indicated they would not produce any documents or information for any product other than the "WAL1024 air horn." True to their promise, when Defendants produced documents, they provided no documents relating to the WA1600 or WA2022 air horns, nor any of the Identified Derivative Products, except in limited instances in which such references were incidental. (Scott Decl. ¶ 13.)

Defendants' objections improperly narrow the scope of discovery. Defendant Midwest Truck & Auto Parts, Inc. is the "manufacturer" of a line of three air horns, sold by all of the Defendants. The line of air horns carefully and deliberately knocks of the appearance of genuine GROVER® air horns. The WAL1024, WA1600, and WA2022 air horns mimic the appearance of, respectively, the genuine GROVER® 1024, 1600, and 2022 air horns. Defendants cannot deny that the horns deliberately copy the appearance and model numbers of their corresponding genuine GROVER® air horns. Indeed, the similarities are so great that Defendant Midwest itself referred to the WAL1024 air horn as a "Grover" in its own product descriptions and sales documents for many years. (Scott Decl. ¶ 14.)

Indisputable evidence demonstrates that all three of these air horns have been falsely advertised to the public in a manner creating confusion and a false impression that the products were the genuine products made by Grover. Defendant Find It Parts long advertised these products as the "GROVER L1024 by

WORLD AMERICAN," the "GROVER 1600 by WORLD AMERICAN," and the "GROVER 2022 by WORLD AMERICAN," including for months <u>after</u> the commencement of litigation in this case. (Scott Decl. ¶ 15, Ex. I.)

Additionally, all four of the Defendants have advertised the WAL1024 air horn as a "Grover" and false descriptions of the horn as a "Grover" can be found on Defendant websites, in eBay advertisements, and Amazon.com advertisements. (Scott Decl. ¶ 16, Ex. J.) Defendants' false descriptions caused innocent third parties, which had no idea that Defendants were falsely representing non-Grover® products as "Grover"—to further publish and expand the reach of Defendants' false and misleading advertising. (Declaration of Sarah Brown ¶¶ 3–5; Scott Decl. ¶ 17, Ex. K.)

In its discovery requests, Grover sought information on a tailored subset of all of Defendants' products: (i) the WAL1024, WA1600, and WA2022, (ii) products marketed, advertised, or sold using the term "Grover," (iii) products marketed, advertised, or sold as having the same fit or function as Grover products, and (iv) convoyed or derivative products used in connection with the exemplary products having a specific model number. Discovery relating to these products is clearly relevant to Grover's claims in this litigation. Defendants should be ordered to comply with Grover's discovery requests.

Grover does not accept the one-sided limitation Defendants have placed on their obligations to respond to discovery. Indeed, Defendants entire sales history is relevant and discoverable, because it shows the nature and character of Defendants' communications and establishes a course of conduct. *See Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) (finding that the district court erred in excluding evidence because even evidence not subject to suit "may be introduced to show the nature and character of transactions under scrutiny or to establish a course of action.").

For example, the Ninth Circuit utilizes an eight-factor test to determine whether a defendant's use of a protected mark is likely to cause confusion about the source of the goods being sold and thus constitutes trademark infringement. *See AMF In. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *see also Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management*, 618 F.3d 1025, 1030-31 (9th Cir. 2010) (applying *Sleekcraft* test).  The factors include: (1) the strength or weakness of the plaintiff's mark; (2) Defendants' use of the mark; (3) similarity of plaintiff and defendants' marks; (4) actual confusion; (5) defendants' intent; (6) marketing / advertising channels; (7) consumer's degree of care; and (8) product line expansion.  *See* Model Ninth Circuit Civil Jury Instructions, 15.16.  Defendants' historic use of Grover's trademarks is relevant to all of these factors and particularly probative of their use—including their knowing and intentional use for years—of Grover's trademarks and actual confusion among Defendants' customers.

Furthermore, in addition to being entitled to production of documents and information regarding more air horns than merely the WAL1024 due to the widespread misrepresentation all air horns in the line are "Grover" horns, Grover is also entitled to discovery as to the additional products because of Defendants' use of the same or similar model numbers.  That information is relevant to the unfair competition claim. "[A]s a general proposition, unfair competition can exist in cases in which there exists no infringement of trademarks. Thus, '[w]here no valid trademark, copyright or patent exists in a particular name or design, one producer may freely copy the goods of another or use the same business name if no deception is involved. But if the goods or services are known to the public by such name, design or physical appearance, *any imitation which has the effect of deceiving buyers as to the origin of the goods or services may be enjoined as unfair competition.*'" *Cytanovich Reading Ctr. v. Reading Game*, 162 Cal. App. 3d 107, 113, 208 Cal. Rptr. 412, 416 (Ct. App. 1984) (quoting 7 Witkin, Summary of

Cal.Law (8th ed. 1974) Equity, § 73, p. 5294) (emphasis in original)). To determine whether a competitor's use of model numbers or alphanumeric sequences constitutes unfair competition, courts consider whether (1) there is some imitation of the model numbers, (2) the model numbers represent a novel or distinctive use, (3) the imitated model numbers have received some significant prior use, (4) the parties compete in the same area, (5) there is a likelihood the ordinary public will be deceived, (6) and if the alphanumeric representation has acquired a secondary meaning such that the public associates the symbol with the source. *See id*. at 114.

> [A]n unfair competition claim 'does not depend on the ownership by the plaintiffs of any particular word, phrase, or device, as a trademark.... The right of action in such a case arises from the fraudulent purpose and conduct of the defendant and the injury caused to the plaintiffs thereby, and it exists independently of the law regulating trademarks or of the ownership of such trademark by the plaintiffs. The gist of such an action is not the appropriation and use of another's trademark, but the fraudulent injury to and appropriation of another's trade.'

*Los Defensores*, 223 Cal. App. 4th at 397 (quoting *Modesto Creamery v. Stanislaus Creamery Co.*, 168 Cal. 289, 293, 142 P. 845, 846 (1914)).

Several courts have held that model numbers, or other similar alphanumeric or numeric strings, used by a competitor may have acquired a secondary meaning that would give rise to a claim for unfair competition. See *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 393, 166 Cal. Rptr. 3d 899, 912 (2014) (citations omitted) (rejecting defendant's argument that plaintiff did not have ownership rights to a "numerical string" and finding an unfair competition claim was properly "predicated not on [plaintiff's] ownership or control of [] the pertinent numerical string, but on its right to prevent deceptive conduct aimed at consumers by

exploiting the numerical string after it has acquired a secondary meaning."); *D.light Design, Inc. v. Boxin Solar Co., Ltd.*, 2015 WL 7731781, at * 4 (N.D. Cal. Dec. 1, 2015) (finding unfair competition and unfair business practice claims have merit where "at least two defendants… have and are actually advertising their products as [plaintiff's products] on their respective selling pages, including by using both the [plaintiff's] name and [plaintiff's] products' model numbers."); *Waco Porter Corp. v. Tubular Structures Corp. of America*, 220 F.Supp. 724, 728 (S.D. Cal. 1963) (use of same model numbers was unfair competition where model numbers had acquired a secondary meaning and ordering injunction "from any further acts of unfair competition by use of the same model numbers that identify and describe plaintiff's [products]"); see also *Noma Lites, Inc. v. Lawn Spray, Inc.*, 130 F.Supp. 124, 125 (E.D.N.Y. 1955); *Hoover Co. v. Western Vacuum Bag Mfg., Inc.*, 1964 WL 8146, at * 15-16 (S.D.N.Y. May 11, 1964) (finding "unfair competition and an aggravation of [] trademark infringement… for defendants to use… [p]art numbers that identify plaintiff's [products] as genuine [plaintiff] parts."); *B.H. Bunn Co. v. AAA Replacement Parts. Co*., 451 F.2d 1254, 1262-64 (5th Cir. 1971) (use of same numbering system has probative value in unfair competition claim); *Joshua Meier Co. v. Albany Novelty Mfg. Co.*, 236 F. 2d 144 (2d. Cir. 1956) (in case involving trademark infringement and unfair competition, the court found defendant used the same stock numbers to designate its products; use of "LE-2" is hard to explain on any hypotheses other than copying, especially since neither plaintiff nor defendant designates any of its products "LE-1;" this "can only be the result of slavish imitation").

Grover has properly tailored its discovery to information related to its claims. Defendants cannot further limit each of their responses to only a single product. Grover is entitled to any evidence "*show[ing] the extent, if any*, to which Defendants actually saturated the market and overwhelmed Plaintiff's mark, causing it to lose the value of the trademark, its product identity, corporate identity,

control over its goodwill and reputation and ability to move into new markets." *M2 Software Inc. v. Madacy Entm't*, Case No. 00-2853, 2003 WL 25667610, at *1-2 (C.D. Cal., Jan., 23, 2003) (internal citations omitted) (emphasis added). The fact that Defendant Find It Parts has openly advertised all three of these air horns as "Grover" makes Defendants' refusal to provide information and documents about all three of them inappropriate.

Grover is also entitled to any evidence showing use of Grover's model numbers to show unfair competition. "'[P]roof of exact copying, without any opposing proof, can be sufficient to establish secondary meaning' because 'there is no logical reason for the precise copying save an attempt to realize upon a secondary meaning that is in existence.'" *Falcon Stainless, Inc. v. Rino Companies, Inc*. 2011 WL 13130703, at *4 (C.D. Cal. Oct. 21, 2011). Defendants must be ordered to comply with their discovery obligations and produce all responsive documents immediately. No legitimate legal basis permits Defendants to only divulge conduct related to a single product while concealing all other conduct and information.

Defendants' objections also improperly narrow the scope of discovery that is not directed at specific products. For example, Grover seeks information related to (i) Defendants' marketing and advertising in any media format; (ii) Defendants' digital and print catalog distribution; (iii) the identification of sales persons and stores under Defendants' control; (iv) the identification of persons responsible for managing business relationships, and a description of such responsibilities; (v) and the identification and efforts to preserve relevant information or evidence after commencement of this action. Defendants make the same General and Specific objections to such requests. Because the information sought is not product specific, it is improper for Defendants narrow the scope of their responses to provide information and documents only relating to the WAL1024 air horn.

### 3. *Defendants' Contentions*

For all of the reasons set forth above, Plaintiff's motion is premature, and the pre-filing conference needs to be completed. Since the required conference was never completed, many contentions as to Defendants' interrogatory responses were never discussed and none of the document production contentions were ever addressed.

There is nothing illegal about selling aftermarket products that are not in other ways protected. The allegations in the present case all revolve around a single inadvertent entry to the WAL1024, in a spreadsheet of tens of thousands of aftermarket products. (Pine Decl. ¶ 15, Ex. C, p. MW000222). The Complaint alleges trademark infringement and counterfeiting of only one product, the WAL1024 air horn. That is where the allegations begin and end.

As to the WA1600 and WA2022, the term GROVER was not included. (Pine Decl. ¶ 15, Ex. C, p. MW000223). However, the term GROVER was inadvertently included in the spreadsheet in one location and resellers used that spreadsheet to create web pages and invoices. This one entry, and the automatic generation of the web pages, explains why nearly all of Plaintiff's examples in the Complaint use the identical language "AIR HORN GROVER 24" O.A." and why all of the examples apply only to the WAL1024.

The Complaint does not allege that Defendants sold products that contained the Grover name or trademark on any accused air horn, on any packaging of any air horn, or on any insert included in the packaging. Further, the Complaint does not allege that any Defendant sold or advertised the WA2022 air horn, the WA1600 air horn, or any derivative products, in connection with the Grover name or trademark. As such, there are no allegations of trademark infringement or counterfeiting of the WA2022 or WA1600 air horns, or any derivative products. In fact, Plaintiff's Answer to Defendants' counterclaims admit that Plaintiff does not claim infringement of the part numbers 1600, 1024 and 2022. (Dkt. Nos. 22-25, ¶¶

23, 33).  Regardless, Plaintiff is requesting sales and costs information for the WA2022 air horn, the WA1600 air horn, along with derivative products, whatever those may be.

Indeed, the discovery requested is not proportional to the needs of the case. For one, the information is not important to the present lawsuit, as documents pertaining to, *inter alia*, Grover, the GROVER trademark and sales of the actually accused product have been produced, and Defendants have not withheld any documents pertaining to these categories.  Had the parties completed the pre-filing conference, Plaintiff would have known this.

Second, the amount in controversy does not justify the expense required to comply with the request.  The amounts in controversy, if any damages need to be determined, are on the scale of thousands of dollars, based on the relatively few sales.  Midwest has sold on average approximately $3,000 of the WAL1024 per year for about 15 years.  Both PDM and National Drivetrain have sold exactly one WAL1024, and it was to the Plaintiff's investigator.  Find It Parts has sold less than two dozen of the WAL1024 air horns, and these products cost about $75 each. Although not accused, PDM and National Drivetrain have not sold any of the WA1600 or WA2022 air horns, and Find It Parts has sold eight of the WA2022 air horns, including only four during the relevant time in 2017 (Seewack Decl. ¶¶ 4-5), and has sold no WA1600 air horns at all.  (Seewack Decl. ¶¶ 3).  Find It Parts has provided redacted copies of the invoices pertaining to the WA2022 air horns it sold.  (Seewack Decl. ¶¶ 6).

As Plaintiff has now seen, the overwhelming majority of Midwest's sales of WAL1024 air horns are outside the United States.  Accordingly, Defendant disagrees that Plaintiff is entitled to any substantive monetary damages.  There is no merit to the counterfeit claim, so statutory damages are unavailable.  If Plaintiff were to prevail on the trademark infringement issue, given the very limited number of total sales by each Defendant, a reasonable royalty on sales would be *de*

*minimis.* These insignificant sales amounts and Plaintiff's demands for all of Defendants' sales and costs of products (that are not accused) are not commensurate with the amount in controversy.

Third, Plaintiff is not burdened or disadvantaged by not having information or documents pertaining to the products not accused in the lawsuit. Plaintiff's has created their own definitions of "Infringing Products", "Identified Products", "Identified Derivative Products" and "Identified Model Numbers" to include other air horns and products, and now demands information and documents pertaining to their self-serving definitions. Again, Defendants have produced, *inter alia*, documents pertaining to Grover, the GROVER trademark and sales of the accused product, and withheld nothing. There is no need for Defendants to be burdened in discovery for information and documents that are not germane or even applicable to Plaintiff's case.

Clearly, Plaintiff has understood Defendants' position as to the WA1600, the WA2022 and the convoyed products for many months. Plaintiff had at least four months to amend the Complaint to include any such allegations. Plaintiff chose not to amend. There is no reason or need for Defendants to provide sales and costs of the WA1600, the WA2022 and the unknown convoyed products.

Regardless, Defendants have responded to Plaintiff's discovery requests, answered interrogatories, and produced, *inter alia,* documents pertaining to the WAL1024 air horn. As discussed on the terminated call and would have been discussed if the conference had been completed, Defendants have not withheld any documents pertaining to Grover, the GROVER trademark or the WAL1024 air horns.

Again, Defendants continue to believe that the remaining contentions could be easily resolved if the parties were to complete the pre-filing conference as required by the Federal Rules and Local Rule 37-1. At a minimum, completing the

conference will clearly defined any remaining disputes. Defendants can then supplement discovery as needed and as intended.

## IV. **ADDITIONAL SPECIFIC INTERROGATORIES**

### A. **Dates and knowledge related to development, manufacture, importation, sale, or marketing of the Identified Products**

#### 1. *Description of Request*

Grover's Interrogatory No. 2 to Midwest and Find it Parts requires the disclosure of (1) the date each of those Defendants first considered the idea or concept of developing, manufacturing, importing, selling, or marketing the Identified Products and (2) the identity of the individuals involved, including their roles and responsibilities. Defendants have failed to adequately provide the requested information.

**Interrogatory No. 2 to Midwest**: Identify when Midwest first considered the idea or concept of developing, manufacturing, importing, selling, or marketing any of the Identified Products, including identifying each Person involved and Describing that Person's role and responsibility.

**Response**: In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each Person involved," and "that Person's role and responsibility"

This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Midwest states that, to the extent Interrogatory No. 2 is understood, it first began selling its WAL1024 air horn in or around 2003. Midwest distributes tens of thousands of aftermarket parts and many years ago, someone inadvertently included the Grover name in a Midwest spreadsheet used by its customers for information, for their websites and, in some cases, for invoicing. Based on this inadvertent use in the spreadsheet, the term AIR HORN GROVER 24" O.A. was displayed on customer websites when end users searched those websites for the aftermarket WAL1024 air horn product. The same name was displayed on some resellers' invoices, as the computer system pulled information from the spreadsheet for invoicing. Midwest believes that this inadvertent mistake occurred many years ago and no one noticed it until Grover filed the lawsuit. Midwest sells very few air horns, especially the WAL1024 air horn, with very few sales in the United States over the last 15 years. Had Grover contacted Midwest when it was contacting the other defendants, Midwest would have made the correction and all of the issues would have been resolved.

As Midwest understands it, the spreadsheet (and the single inadvertent use of the Grover name in that spreadsheet) occurred maybe as long as 15 years ago. In that time, Midwest does not know of a single occurrence in which a customer was confused or mistaken as to the manufacturer of the WAL1024 air horn. Midwest does not know of a single instance in which a customer believed it was purchasing an original Grover air horn.

Further, to the extent this Interrogatory is understood, the individuals responsible for the sales of the WAL1024 air horn are Scott Babich, Vice President of Heavy Duty Sales, and Daniel Boss, Vice President Procurement.

**Interrogatory No. 2 to Find it Parts**:  Identify when Find It Parts first considered the idea or concept of developing, manufacturing, importing, selling, or marketing any of the Identified Products, including identifying each Person involved and Describing that Person's role and responsibility.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each Person involved," and "that Person's role and responsibility" This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Find It Parts states that, to the extent Interrogatory No. 2 is understood, it first began selling the WAL1024 air horn in or around late August of 2017. Find It Parts distributes thousands of aftermarket parts and, as it understands, the Find It

Parts website uses information from suppliers to generate the various web pages and advertising and sales information. Sometimes, the information from suppliers is used on portions of the Find It Parts invoices. Based on this, it is Find It Parts understanding that the term AIR HORN GROVER 24" O.A. may have been displayed on its website when end users searched those websites for the aftermarket WAL1024 air horn product, possibly even after Find It Parts attempted to remove the Grover name. The same information was displayed on some Find It Parts' invoices, as the computer system pulled information from the supplier's system for invoicing. Find It Parts does not know when this began, and Find It Parts sells very few WAL1024 air horns. During this time, Find It Parts does not know of a single occurrence in which a customer was confused or mistaken as to the manufacturer of the WAL1024 air horn, nor does Find It Parts know of a single instance in which a customer believed it was purchasing an original Grover air horn.

Further, to the extent this Interrogatory is understood, the individual responsible for the sales and marketing at Find It Parts is David Seewack, the owner of Find It Parts.

**2.** *Grover's Contentions*

Grover, through these Interrogatories, seeks the date(s) the Defendants first contemplated or considered including the Identified Products as part of their business along with the individuals involved in those decisions. In response, each Defendant identifies only the approximate time they started selling the WAL1024 air horn. As discussed above, this response impermissibly limits discovery to a single product. Accordingly, Defendants' responses fail to identify when they considered selling, or did sell, any of the other Identified Products. In addition, Defendants' responses fail to identify when they *considered* the idea of developing, manufacturing, importing, selling, or marketing any product. Logically, the decision to make or sell a product will pre-date any actual sales.

1    Defendants' responses are further deficient because they fail to identify,
2    clearly and specifically, individuals involved in the decision(s) to develop,
3    manufacture, import, sell, or market the Identified Products.  First, Find it Parts
4    failed to identify any individual.  Second, Midwest states "many years ago,"
5    "maybe as long as 15 years," "someone inadvertently included the Grover name in
6    a Midwest spreadsheet…" but fails to identify this individual or who was
7    responsible for entering information into the spreadsheets at that time.  Midwest
8    further identifies two individuals "responsible for the sales of the WAL1024 air
9    horn" but it is unclear if these individuals were involved in the decision to sell this
10   product or if they are just currently responsible for such sales.  Indeed, during the
11   meet and confer, counsel for Defendants stated he was unsure how long Mr.
12   Babich had been with the company.    (Scott Decl. ¶ 18.)    Moreover, the
13   Interrogatories request that Defendants identify "each person involved" not just
14   one person who may have knowledge.  *See Abraham v. Alpha Chi Omega*, 271
15   F.R.D. 556, 560 (N.D. Tex. 2010) (granting motion to compel identities of "all
16   persons" with knowledge and holding that just because one individual may have
17   "the most knowledge does not mean that others lack knowledge relevant to the
18   issue").

19       Defendants have engaged in, among other things, infringement of the
20   GROVER® trademark.  Why they chose to do so—what key decision-makers had
21   in mind when they elected to sell a line of knock off air horn products and
22   advertise it as "Grover"—is critically relevant to establishing that Defendants'
23   infringement has been willful.  Defendants cannot be permitted to provide vague
24   and evasive discovery responses or to characterize their infringement as
25   "inadvertent" without even identifying the people responsible for making the
26   decisions to infringe.

27       During the May 11 meet and confer, Defendants stated they would check
28   with their clients and consider supplementing their responses.  On May 25, 2018,

Defendants stated, generally, that they intended to supplement their interrogatory responses at some point during the week of May 28. Defendants have not supplemented any response nor communicated when supplementation may occur.

**3.** *Defendants' Contentions*

This specific contention can easily been resolved through Defendants' previous document production and the completion of the required conference pursuant to Rule 37-1. As previously explained to counsel, Defendants distribute and sell tens of thousands (or more) of aftermarket products. Defendants do not necessarily "contemplate or consider including each of these products as part of their business". Quite often, manufacturers, suppliers and distributors will provide spreadsheets or lists of products and these products will be added to the companies' offerings. This is an ongoing procedure, parts are added or removed based on what is offered by the manufacturers, suppliers and distributors. This is one of the reasons Defendants did not specifically know of Plaintiff or its products until receiving a letter from Grover's counsel in late 2017, or when the present lawsuit was filed in early 2018.

As an example, Find It Parts sells millions of aftermarket products. Find It Parts does not necessarily contemplate adding each and every product to its list, and may not keep a record of those decisions, if there are any. As such, after searching its files, Find It Parts did not find any correspondence or documents pertaining to Plaintiff's request for the Identified Products.

Along those lines, Defendants have produced, *inter alia,* documents pertaining to Grover, the GROVER trademark and sales of the accused product, and not withheld any documents in those categories. The earliest sales are the best estimate as to when each Defendant began including the accused air horn as part of the business. Those documents have been produced.

Again, Defendants requested to complete the pre-filing conference especially after document production, and Defendants maintain that the remaining

contentions, such as this one, would be easily resolved if the parties completed the required conference. Defendants can then supplement its discovery as needed to attempt to clarify any remaining contentions. To the extent contentions remain afterwards, they will be more clearly defined for the Court.

### B.    Content creation and approval

#### 1.    *Description of Request*

Grover's Interrogatory No. 3 to Midwest and Find it Parts and Interrogatory No. 2 to PDM and National Drivetrain requires Defendants to identify each individual who wrote, approved, or had responsibility for any content relating to any of the Identified Products or that contained the term "Grover" or the Identified Model Numbers and to describe the actions taken by each individual. Defendants have failed to adequately provide the requested information.

**Interrogatory No. 3 to Midwest**:  Identify each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products in any Midwest catalog, website, or advertising using any Media, or for use by any retailer or distributor, that has contained the term "Grover" (or any variations thereof) or any of the Identified Model Numbers at any time since the Effective Date and Describe the actions taken by each such individual to author, approve, or authorize all such content. Your response to this Interrogatory must include, but is not limited to, providing information relating to the description "AIR HORN GROVER 24" O.A." used in connection with the WAL1024 air horn.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to

this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products," "any of the Identified Model Numbers at any time since the Effective Date," and "the actions taken by each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Midwest states that, to the extent Interrogatory No. 3 is understood and incorporating the response to paragraph 2 by reference herein, to the extent an individual would be responsible for approving content relating to the WAL1024 air horn, the individuals would be Scott Babich, Vice President of Heavy Duty Sales. Further, to the extent this Interrogatory is understood, the actions taken to approve the content related to the WAL1024 air horn would be to provide the draft catalog to Midwest counsel for approval.

**Interrogatory No. 3 to Find it Parts**: Identify each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products in any Find It Parts catalog, website, or advertising using any Media, or for use by any retailer or distributor, that has contained the term "Grover" (or any variations thereof) or any of the Identified Model Numbers at any time since the Effective Date and Describe the actions taken by each such individual to author, approve, or authorize all such content. Your response to this Interrogatory must

include, but is not limited to, providing information relating to the description "AIR HORN GROVER 24" O.A." used in connection with the WAL1024 air horn.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products," "any of the Identified Model Numbers at any time since the Effective Date," and "the actions taken by each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Find It Parts states that, to the extent Interrogatory No. 3 is understood and incorporating the response to paragraph 2 by reference herein, to the extent an individual would be responsible for approving content relating to the WAL1024 air horn, the individuals would be David Seewack, Owner of Find It Parts.

**Interrogatory No. 2 to PDM**:  Identify each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified

Products in any of Your catalogs, website, or advertising using any Media, or for use by any retailer or distributor, that has contained the term "Grover" (or any variations thereof) or any of the Identified Model Numbers at any time since the Effective Date and Describe the actions taken by each such individual to author, approve, or authorize all such content. Your response to this Interrogatory must include, but is not limited to, providing information relating to the description "AIR HORN GROVER 24" 0.A." used in connection with the WAL1024 air horn.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products," "any of the Identified Model Numbers at any time since the Effective Date," and "the actions taken by each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, PDM states that, to the extent Interrogatory No. 2 is understood, to the

extent an individual would be responsible for approving content relating to the WAL1024 air horn, the individual would be Philip Massaglia, Owner of PDM.

**Interrogatory No. 2 to National Drivetrain**: Identify each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products in any of Your catalogs, website, or advertising using any Media, or for use by any retailer or distributor, that has contained the term "Grover" (or any variations thereof) or any of the Identified Model Numbers at any time since the Effective Date and Describe the actions taken by each such individual to author, approve, or authorize all such content. Your response to this Interrogatory must include, but is not limited to, providing information relating to the description "AIR HORN GROVER 24" 0.A." used in connection with the WAL1024 air horn.

**Response**: In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "each individual who wrote, approved, or had responsibility for, any content relating to any of the Identified Products," "any of the Identified Model Numbers at any time since the Effective Date," and "the actions taken by each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is

more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, National states that, to the extent Interrogatory No. 2 is understood, to the extent an individual would be responsible for approving content relating to the WAL1024 air horn, the individual would be Tom Campion, President and General Manager of National Drivetrain.

**2.** *Grover's Contentions*

Grover, through these Interrogatories, seeks to learn the identities and actions of the individuals involved in writing, approving, or otherwise having responsibility for content in Defendants' catalogs, websites, or other advertising using any media that relates to the Identified Products or using the term "Grover" or any of the Identified Model Numbers since the Effective Date. During the meet and confer, the Parties agreed that the Effective Date is January 1, 2002. (Scott Decl. ¶ 20.)

In response, each Defendant identifies only one senior individual – an owner, president, or vice president - as being "responsible for approving content relating to the WAL1024 air horn." As discussed above, this response impermissibly limits discovery to a single product. Accordingly, Defendants' responses fail to identify any individual involved in writing, approving, or having responsibility for any content related to any other Identified Products or containing any of the Identified Model Numbers or the term "Grover." Among other things, this conceals the individual responsible for the decision by Find It Parts to advertise all three air horns as "Grover" on the Finditparts.com website. (Scott Decl. ¶ 15.) In addition, Defendants' responses fail to identify a single individual who authored any content related to the WAL1024 air horn.

Furthermore, Defendants' responses are deficient and unclear, at least because the individuals identified may not have been present, much less responsible, for the content from January 1, 2002, through the present. Indeed, during the meet and confer, counsel for Defendants stated that at least some content using the term "Grover" was written nearly 15 years ago and admitted he was not sure how long one of the identified individuals had actually been employed by Midwest. (Scott Decl. ¶ 18.) Defendants agreed to further investigate the tenure and identity of certain individuals, but would not agree to supplement. In fact, Defendants stated they would not provide additional information because it was their contention they had answered the question. (Scott Decl. ¶ 21.) Grover does not agree.

Defendants must identify *every* individual who authored, approved, or was otherwise responsible for content related to *all* Identified Products and/or including the Identified Model Numbers or the term "Grover." *See Abraham*, 271 F.R.D. at 560 (granting motion to compel the identities of "all persons" with knowledge).

### 3. *Defendants Contentions*

This is yet another contention that should have easily been resolved through document production and the completion of the required conference pursuant to Rule 37-1. As explained to counsel and set forth herein, Defendants are for the most part small companies that have individuals that take on many roles. They do not necessarily have advertising departments or individuals who are particularly responsible for advertising content. Quite often the owner or the director of marketing is the person that approves catalogs or websites, if there are any to be approved.

In response to Plaintiff's requests, Defendants have indicated the identities of the individuals that are involved in writing, approving, or otherwise have responsibility for content in Defendant's catalog, website or other advertising, to the extent any of those exist. Defendants also produced advertising documents, to

the extent it existed pertaining to, *inter alia,* Grover, the GROVER trademark and sales of the accused product, which include any of the above-referenced documents. Defendants have not withheld any documents in those categories.

Again, Defendants requested to complete the pre-filing conference especially after Defendants' document production, and maintains that the remaining contentions, such as this one, would be easily resolved if the parties completed the required conference. Defendants can then supplement its discovery responses as needed to attempt to clarify any remaining contentions. To the extent contentions remain afterwards, they will be more clearly defined for the Court.

### C. Business relationships with retailers or distributors

#### 1. *Description of Request*

Grover's Interrogatory No. 4 to Midwest and Find it Parts requires those Defendants to identify each individual who has responsibility for managing relationships with retailers or distributors that have purchased the Identified Products and to describe each individual's role. Defendants have failed to adequately provide the requested information.

**Interrogatory No. 4 to Midwest**: Identify each individual who has responsibility for the management of Midwest's relationships with the retailers or distributors to whom Midwest has sold Identified Products and Describe each individual's role.

**Response**: In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the

possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "responsibility for the management of Midwest's relationships with the retailers or distributors," and "to whom Midwest has sold Identified Products." This response is limited to the products that Plaintiff specifically accused in the Complaint and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Midwest states that, to the extent Interrogatory No. 4 is understood, the individual that manages relationships with Midwest's resellers for the WAL1024 air horn is Scott Babich, Vice President of Heavy Duty Sales. Further, to the extent this Interrogatory is understood, Mr. Babich communicates with the resellers about the WAL1024 air horn, when necessary.

**Interrogatory No. 4 to Find it Parts**:  Identify each individual who has responsibility for the management of Find It Parts' relationships with the suppliers, retailers, or distributors to whom Find It Parts has sold Identified Products or from which it has purchased Identified Products and Describe each individual's role.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the

possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "responsibility for the management of Find It Parts' relationships with the retailers or distributors," and "to whom Find It Parts has sold Identified Products or from which it has purchased Identified Products." This response is limited to the products that Plaintiff specifically accused in the Complaint and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Find It Parts states that, to the extent Interrogatory No. 4 is understood, the individual that manages relationships with Find It Parts' suppliers and customers for the WAL1024 air horn is David Seewack, Owner of Find It Parts. Further, to the extent this Interrogatory is understood, Mr. Seewack communicates with the suppliers and resellers about the WAL1024 air horn, when necessary.

### 2. *Grover's Contentions*

Interrogatory No. 4 asks Midwest and Find it Parts to identify the individuals involved in managing and maintaining relationship with suppliers, retailers, or distributors and to describe each individual's role. In response, both Midwest and Find it Parts identify only one individual who "manages relationships… for the WAL1024 air horn" and "communicates… about the WAL1024 air horn" with these businesses "when necessary." As discussed above, this response impermissibly limits discovery to a single product. Accordingly, Defendants' responses fail to identify any individual involved in or having responsibility for the relationship with suppliers, retailers, or distributors related to any other Identified Product. In addition, the responses clearly fail to "describe"

each individual's role. Indeed, it is not apparent from the responses whether or not the identified individuals have actually communicated with anyone, and if so, with whom, and how or when any communication took place.

Moreover, during the meet and confer, counsel for Defendants indicated there were other individuals that communicated with suppliers, retailers, or distributors regarding the Identified Products, but stated he would not provide their identities. Defendants further indicated they would not supplement their answer. (Scott Decl. ¶ 22.) In addition, Defendants' responses fail to identify a single individual who authored any content related to the WAL1024 air horn.

By Defendants' own admission, there are other individuals involved with and having responsibilities for managing the relationships with suppliers, retailers, and distributors. Midwest and Find it Parts must identify *every* individual having some responsibility for the management of their relationships, respectively, with suppliers, retailers, and distributors. *See Abraham*, 271 F.R.D. at 560 (granting Motion to Compel the identities of "all persons" with knowledge). Furthermore, Defendants must specify the role of each individual including what specific acts or responsibilities the individual took part in to manage the relationship. If the act is communication, the response should include (i) who the individual communicated with, (ii) how they communicated, (iii) when the communication(s) took place, and (iv) details sufficient to describe what the communication(s) was about. This information is relevant to this litigation and such information must be provided.

### 3. *Defendants' Contentions*

Plaintiff raises yet another contention that could have easily been resolved through the completion of the required pre-filing conference after Defendants' document production months ago. Plaintiff's counsel was told that Defendants have individuals that take on many roles, including managing and maintaining relationships with suppliers, retailers, or distributors. That is the role of procurement officers and sales managers; to the extent those positions exist.

1    Plaintiff alleges that Defendants' counsel was hiding names from Plaintiff's

2    counsel.  (Scott Decl. ¶ 22).  That is not accurate.  Plaintiff's counsel had no names

3    that it was "hiding" and instead explained that the discovery request was so broad

4    as to include anyone that ever communicated with a supplier, retailer or distributor,

5    including receptionists, accounts receivable, or basically anyone answering a

6    phone call.  Plaintiff's request was too broad and Plaintiff refused to amend the

7    request.

8        In response to Plaintiff's requests, Defendants have indicated the identities

9    of the individuals that are involved in writing, approving, or otherwise have

10   responsibility for content in Defendant's catalog, website or other advertising, to

11   the extent those products exist.  Defendant contention is that there must be

12   additional individuals that provide these services.  Many of the Defendants'

13   owners and employees wear many hats and the discovery responses indicate as

14   much.

15       Defendants also produced, _inter alia,_ documents pertaining to Grover, the

16   GROVER trademark and sales of the accused product, which include any of the

17   above-referenced documents.  Defendants have not withheld any documents in

18   those categories.

19       Once again, Defendants requested to complete the pre-filing conference, and

20   continue to maintain that the remaining contentions, such as this one, would be

21   easily resolved if the parties completed the required conference.  Plaintiff refused

22   to complete the conference and should not be rewarded for its refusal to abide by

23   the rules.

24

25

26

27

28

**D. Uses of the term "Grover" or any Identified Model Number in marketing or advertising of any product in any media**

**1.** *Description of Request*

Grover's Interrogatory No. 10 to Midwest and Find it Parts and Interrogatory No. 5 to PDM and National Drivetrain requires Defendants to identify all uses of the term "Grover" in the marketing or advertising of any product in any media or in communications or materials provided to retailers or distributors. Similarly, Interrogatory No. 11 to Midwest and Find it Parts and Interrogatory No. 6 to PDM and National Drivetrain requires Defendants to identify all uses of the Identified Model Numbers in the marketing or advertising of any product in any media or in communication or material provided to retailers or distributors.

**Interrogatory No. 10 to Midwest**: Identify all uses by Midwest of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or materials provided to retailers or distributors, within each Midwest catalog, in any Midwest print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by Midwest (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other Midwest marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**: In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work

product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "all uses by Midwest of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors," "each Midwest catalog, in any Midwest print or electronic advertising, or any social media platform, on any website owned, controlled, operated, or utilized by Midwest (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other Midwest marketing or advertising materials," "any Communication with any customer or potential customer, from the Effective Date to the present," and "Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Midwest states that, to the extent Interrogatory No. 10 is understood, it will provide documents in response to this Interrogatory pursuant to Federal Rules of Civil Procedure, Rule 33(d), after the entry of a suitable protective order.

Midwest has as one of its many aftermarket catalogs, the Heavy Duty Air Brake & Valve Components catalog. In that catalog, on page 33, the GROVER® name is used in three places to indicate that the three Midwest parts replace the Grover parts. The catalog is also accessible on its website at https://www.mdwparts.com/documents/WA_VALVE_CAT.pdf. Midwest does not sell its aftermarket parts on eBay.com or Amazon.com. Further, to the extent this Interrogatory is understood, Scott Babich, Vice President of Heavy Duty Sales, is the individual with knowledge of such use.

**Interrogatory No. 11 to Midwest**: Identify all uses by Midwest of the Identified Model Numbers in the marketing or advertising of any product in any Media, including within each Midwest catalog, in any Midwest print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by Midwest (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other Midwest marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**: See response to Interrogatory No. 10 above.

**Interrogatory No. 10 to Find it Parts**: Identify all uses by Find It Parts of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or materials provided to retailers or distributors, within each Find It Parts catalog, in any Find It Parts print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by Find It Parts (including any homepage and any content or submenu pages and including any third-party marketplace websites such

as eBay.com and Amazon.com), in any other Find It Parts marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "all uses by Find It Parts of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors," "each Find It Parts catalog, in any Find It Parts print or electronic advertising, or any social media platform, on any website owned, controlled, operated, or utilized by Find It Parts (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other Find It Parts marketing or advertising materials," "any Communication with any customer or potential customer, from the Effective Date to the present," and "Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual." This response is limited to

the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, Find It Parts states that, to the extent Interrogatory No. 10 is understood, it will provide documents in response to this Interrogatory pursuant to Federal Rules of Civil Procedure, Rule 33(d), after the entry of a suitable protective order. Further, to the extent this Interrogatory is understood, David Seewack, Owner of Find It Parts, is the individual with knowledge of such use.

**Interrogatory No. 11 to Find it Parts**:  Identify all uses by Find It Parts of the Identified Model Numbers in the marketing or advertising of any product in any Media, including within each Find It Parts catalog, in any Find It Parts print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by Find It Parts (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other Find It Parts marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**:  See response to Interrogatory No. 10 above.

**Interrogatory No. 5 to PDM**:  Identify all uses by You of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors, within each of Your catalogs, in any of Your print or electronic

advertising, or any social media platform, on any website owned, controlled, operated, or utilized by You (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other of Your marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "all uses by You of the term 'Grover' (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors," "each of Your catalogs, in any of your print or electronic advertising, or any social media platform, on any website owned, controlled, operated, or utilized by You (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other of Your marketing or advertising materials," "any Communication with any customer or potential customer, from the Effective Date to the present," and

"Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual." This response is limited to the products that Plaintiff specifically accused in the Complaint, and in subsequent communications. Defendant further objects to this Interrogatory to the extent that it calls for a narrative response that is more appropriate for a deposition. Defendant further objects to this Interrogatory insofar as it calls for expert testimony or seeks the premature disclosure of an expert opinion.

Subject to and without waiving the foregoing General and Specific objections, PDM states that, to the extent Interrogatory No. 5 is understood, it will provide documents in response to this Interrogatory pursuant to Federal Rules of Civil Procedure, Rule 33(d), after the entry of a suitable protective order. Further, to the extent this Interrogatory is understood, Philip Massaglia, Owner of PDM, is the individual with knowledge of such use.

**Interrogatory No. 6 to PDM**:  Identify all uses by You of the Identified Model Numbers in the marketing or advertising of any product in any Media, including within each of Your catalogs, in any of your print or electronic advertising, on any social media platform, on any website owned, controlled, operated, or utilized by You (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other of Your marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**: See response to Interrogatory No. 5 above.

**Interrogatory No. 5 to National Drivetrain**:  Identify all uses by You of the term "Grover" (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors, within each of Your catalogs, in any of Your print or electronic advertising, or any social media platform, on any website owned, controlled, operated, or utilized by You (including any homepage and any content or submenu pages and including any third-party marketplace websites such as eBay.com and Amazon.com), in any other of Your marketing or advertising materials, or in any Communication with any customer or potential customer, from the Effective Date to the present. With respect to each such use, specify the date(s) of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**:  In addition to the foregoing General Objections, Defendant specifically objects to this Interrogatory insofar as it seeks information that is protected from disclosure as being attorney-client privilege or under the work product doctrine. Defendant also objects to this Request insofar as it seeks documents not relevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant specifically objects to this Interrogatory to the extent that it seeks information that is within the possession, custody and control of third parties. Defendant further objects to this Interrogatory on the basis that it is vague, overbroad, ambiguous, unduly burdensome, confusing, and exceeding the scope of permissible discovery based on the phrases "all uses by You of the term 'Grover' (or any variations thereof) in the marketing or advertising of any product in any Media, including in communications or material provided to retailers or distributors," "each of Your catalogs, in any of your print or electronic advertising, or any social media platform, on any website owned, controlled, operated, or utilized by You

1  (including any homepage and any content or submenu pages and including any
2  third-party marketplace websites such as eBay.com and Amazon.com), in any
3  other of Your marketing or advertising materials," "any Communication with any
4  customer or potential customer, from the Effective Date to the present," and
5  "Describe the use, and Identify each individual with knowledge regarding that use
6  or who approved or had responsibility for the content and Describe all such
7  knowledge or responsibility of each such individual." This response is limited to
8  the products that Plaintiff specifically accused in the Complaint, and in subsequent
9  communications. Defendant further objects to this Interrogatory to the extent that it
10 calls for a narrative response that is more appropriate for a deposition. Defendant
11 further objects to this Interrogatory insofar as it calls for expert testimony or seeks
12 the premature disclosure of an expert opinion.

13      Subject to and without waiving the foregoing General and Specific
14 objections, National states that, to the extent Interrogatory No. 5 is understood, it
15 will provide documents in response to this Interrogatory pursuant to Federal Rules
16 of Civil Procedure, Rule 33(d), after the entry of a suitable protective order.
17 Further, to the extent this Interrogatory is understood, Tom Campion, President
18 and General Manager of National Drivetrain, is the individual with knowledge of
19 such use.

20      **Interrogatory No. 6 to National Drivetrain**:  Identify all uses by You of
21 the Identified Model Numbers in the marketing or advertising of any product in
22 any Media, including within each of Your catalogs, in any of your print or
23 electronic advertising, on any social media platform, on any website owned,
24 controlled, operated, or utilized by You (including any homepage and any content
25 or submenu pages and including any third-party marketplace websites such as
26 eBay.com and Amazon.com), in any other of Your marketing or advertising
27 materials, or in any Communication with any customer or potential customer, from
28 the Effective Date to the present. With respect to each such use, specify the date(s)

of such use, Describe the use, and Identify each individual with knowledge regarding that use or who approved or had responsibility for the content and Describe all such knowledge or responsibility of each such individual.

**Response**: See response to Interrogatory No. 5 above.

## 2. *Grover's Contentions*

Grover, through these Interrogatories, seek to identify the uses by Defendants of (1) Grover's trademarked name and (2) the three model numbers identified by Grover in the Complaint. Specifically, Grover seeks a description of each such use in any marketing or advertising materials or in any communications with any customers, potential customers, retailers, or distributors and the date(s) of such use. Grover further seeks the identity of each individual with knowledge of, or who approved or had responsibility for, such use as well as a description of each individual's knowledge or responsibility.

In response, each of the Defendants rely on Rule 33(d), but a generalized reference to documents produced, without specific identification, is insufficient. "A party that elects to avail itself of [a 33(d) response] option, however, must 'specify where in the records the answers [can] be found.'" *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (quoting *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983)).

This information is critically relevant to the willfulness of Defendants' conduct. It appears that Midwest's catalogs have—for many years—contained references to "GROVER®" products when advertising these WAL1024, WA1600, and WA2022 air horns, which demonstrates awareness of both Grover as a company and the GROVER® trademark. (Scott Decl. ¶ 23.) Midwest cannot provide vague and evasive answers that conceal how and for how long Midwest has advertised using the term "Grover" and the Identified model numbers. While Midwest identifies one catalog that used the term "Grover" in three instances, it

fails to specify the dates the catalog was used or to describe each use. Midwest further fails to identify any other use of the term "Grover" or use of the "Identified Model Numbers" in any other context. This information is directly relevant to the claims at issue and this information must be produced.

Similarly, Find It Parts, National Drivetrain, and PDM have each been documented using the term "Grover" and the Identified Part Numbers in advertising the WAL1024, WA1600, and/or the WA2022 in website content or through online sales outlets like eBay.com and Amazon.com. (Scott Decl. ¶ 16, Ex. J.) Defendants must disclose the full extent of their use of "Grover" and the Identified Part Numbers. It is critically relevant to liability, damages, and willfulness when this conduct began and for long it has continued.

Moreover, each of the Defendants identifies only one individual "with knowledge of such use." First, Defendants must identify "each individual with knowledge," as requested. *See Abraham*, 271 F.R.D. at 560 (granting Motion to Compel the identities of "all persons" with knowledge). Second, Defendants fail to describe the identified individuals' knowledge or responsibilities.

During the May 11 meet and confer, Defendants stated they would check with their clients and let Grover know if they would supplement. On May 25, 2018, Defendants stated, generally, that they intended to supplement their interrogatory responses at some point during the week of May 28. Defendants have not supplemented any response. (Scott Decl. ¶ 24.)

### 3. *Defendants' Contentions*

Plaintiff's demand is merely a rehash and combination of two of the demands above. First, the demand is for information and documents pertaining to additional products (in this case, through model numbers) that are not accused or even protected in any way. Second, Plaintiff again demands information and documents pertaining to marketing or advertising descriptions. As with the other demands, this issue could have been at least partially resolved through the required

1 pre-filing conference in combination with Defendants' document production. The
2 parties may not agree on the inclusion of the WA1600 and the WA2022 products,
3 but Defendants' produced marketing and advertising materials, to the extent they
4 exist, that pertain to, *inter alia*, Grover, the GROVER trademark and sales of the
5 accused WAL1024 product, which include the above-referenced documents.
6 Defendants have not withheld any documents in those categories.

7      Additionally, Plaintiff's counsel states that he has personally reviewed
8 catalog content in which Midwest referred to GROVER products when advertising
9 its air horns. (Scott Decl. ¶ 23). Plaintiff's counsel clearly understands that
10 Midwest catalogs properly state that each Midwest air horn "REPLACES" the
11 GROVER air horn. (Pine Decl. ¶ 16). Again, this proper usage evidences
12 Midwest's attempt to inform its customers, not to confuse them.

13      Once again, Defendants requested to complete the pre-filing conference, and
14 Defendants' continue to maintain that the remaining contentions would be resolved
15 if the parties completed the required conference, and to the extent those
16 contentions are not resolved, they will be more clearly defined for the Court.

17

18 **V.   CONCLUSION**

19      The two parties jointly submit this Stipulation Regarding Plaintiffs' Motion
20 to Compel Discovery Responses from Defendants.

21

22                         Respectfully submitted,

23

24 Dated: October 15, 2018        FOX ROTHSCHILD LLP

25                               By: */s/ Aaron Mills Scott*
                                   Aaron Mills Scott (*admitted pro hac vice*)
26

27                               **Attorneys for Plaintiff**
                                 **GROVER PRODUCTS CO.**
28

1

2

3   Dated: October 15, 2018

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATZIK, FRANK & SAMOTNY LTD

By: __/s/ Jeffrey A. Pine_____
        Jeffrey A. Pine (*admitted pro hac vice*)

**Attorneys for Defendants**
**Midwest Truck & Auto Parts, Inc., Find It**
**Parts, LLC, National Drivetrain, Inc., and**
**PDM, Inc.**